UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

SKENDER HOTI,                                    Civil Docket No.

                Plaintiff,        **VERIFIED COMPLAINT: 42 USC SEC. 1983
                                   ET SEQ. AND OTHER RELIEF**

v.                                          **<u>JURY TRIAL DEMANDED</u>**

Bank of America, N.A.,
The Liebler, Gonzalez & Portuondo law firm,
Berit Griffin, Florida attorney both individually
And professionally, Ricardo Clerge-Apollon,
Florida attorney both individually and professionally,
The Marinosci Law Group, P.C., The County of Palm Beach,
The Palm Beach Sheriff's Office ( "PBSO" ),
Palmaseca Holding Inc. and Taxus, LLC,
Mejia, Shehadeh, Giannamore, PLLC, Juan G. Mejia, Florida
Attorney both individually and professionally,
Thomas Dougherty, individually and Thomas Dougherty, P.A.,
Robert B. Cook, P.A., Robert B. Cook individually,
and John and Jane Doe Defendants.



FILED BY _____ D.C.

MAY 18 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

                Defendants.

To the Honorable U.S. District Judges for the Southern District of Florida:

COMES NOW Plaintiff Skender Hoti before these Honorable Courts, respectfully complaining

of Defendants, averring in support thereof as follows:

## **INTRODUCTION**

1. This is a civil rights action brought by Plaintiff Skender Hoti to seek damages and relief

   for violations of fundamental rights secured by the by the US Constitution under the 1st,

   5th, and 14th Amendments and for violations of 42 USC Sec. 1983 in relation to the

deprivation and violation of fundamental rights to due process under law, procedural and substantive, and to the pursuit of life, liberty and property, for freedom of expression and other.

2. Plaintiffs seek an award of actual damages, general and compensatory damages for violations of rights, privileges and immunities including but not limited to due process of law both procedurally and substantively, and has sustained damages including but not limited to economic loss, damage to credit and equity position,  pain, suffering,  mental and emotional distress and applicable fees, costs and interests as allowed by law.

3. Plaintiffs also assert supplemental jurisdiction over pendent state law claims for Quiet Title, negligence, negligent interference, professional malpractice and other.

## JURISDICTION

4. Plaintiffs claim federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to cases arising under the U.S. Constitution.  This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, including under the First, Fifth, and 14th Amendments, and federal question jurisdiction.  Thus, this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over the State law claims alleged under 28 USC Sec. 1367 as the state and federal claims derive from a common nucleus of operative facts so that Plaintiffs would ordinarily be expected to try them all in one judicial proceeding.

## VENUE

6. The venue lies in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events

or omissions giving rise to this claim occurred in this District giving rise to this claim, occurred

in West Palm Beach, Florida area within Palm Beach County, Florida which are in the Southern

District for Florida.

7. Plaintiffs submit that they have fulfilled all notice requirements and conditions precedent for

filing suit or that such are not applicable.

## JURY DEMAND

8. Plaintiffs seek and demand a Trial by Jury on each and every cause of action and claim set out

herein.

## PARTIES

9. I am Plaintiff Skender Hoti of 3103 Drew Way, Palm Springs, Florida 33406 located within

the County of Palm Beach.

10. Upon information and belief, Defendant Bank of America, N.A., is a Defendant and a

financial institution operating under the Banking laws of the United States and was an alleged

mortgage holder with alleged interest in real property that is the subject of this action as

described further herein and has acted directly or through agents with "state actors" herein.

11. Upon information and belief, Defendant Bank of America, N.A., has corporate headquarters

located at 100 North Tryon Street, Charlotte, NC 28202-0001 and either directly or through

Agents and/or employees and/or representatives has acted in concert with "state actors" for

3

purposes of 42 USC 1983.

12. Upon information and belief, Defendant Berit Griffin, Florida Bar No. 68902, is an Attorney for Defendant Bank of America at the law firm Liebler, Gonzalez & Portuondo, 44 West Flagler Street Miami, Fl 33130 and has been an agent and / or employee of Defendant Bank of America and has acted in concert with "state actors" for purposes of 42 USC 1983.

13. Upon information and belief, Defendant Ricardo Clerge-Apollon is an Attorney of the LIEBLER, GONZALEZ & PORTUONDO law firm of 44 West Flagler Street | Courthouse Tower 25th Floor | Miami, FL 33130 and has at all times been an agent and or employee of Defendant Bank of America and has acted in concert with "state actors" for purposes of 42 USC 1983.

14. Upon information and belief, Defendant LIEBLER, GONZALEZ & PORTUONDO is a law firm of 44 West Flagler Street | Courthouse Tower 25th Floor | Miami, FL 33130 and has at all times been an agent and or employee of Defendant Bank of America and has acted in concert with "state actors" for purposes of 42 USC 1983.

15. Upon information and belief, the Defendant Marinosci Law Group, P.C., is located at 100 West Cypress Creek Road, Suite 1045, Fort Lauderdale, Florida 33309 and has at all times been an agent and or employee of Defendant Bank of America and has acted in concert with "state actors" for purposes of 42 USC 1983.

16. Upon information and belief, Defendant Palmaseca Holding Inc. and Taxus, LLC, is a Florida corporation organized under the state laws of Florida located at 2268 NW 30th Road, Boca Raton, Fl 33431 within the County of Palm Beach and has acted in concert either directly

4

or through agents or employees with "state actors" for purposes of 42 USC 1983.

17. Upon information and belief, the Defendant Mejia, Shehadeh, Giannamore, PLLC is a law firm and professional liability company organized under the law of Florida and located at 396 Alhambra Circle, Suite 100A, Coral Gables, Florida 33134 and is an agent or employee of Defendant Palmaseca Holding Inc. and Taxus, LLC, who has acted in concert with "state actors" for purposes of 42 USC 1983.

18. Upon information and belief, Defendant Juan G. Mejia is a Florida attorney with Florida Bar Number 76991 at the law firm of Mejia, Shehadeh, Giannamore, PLLC located at 396 Alhambra Circle, Suite 100A, Coral Gables, Florida 33134 and is an agent or employee of Defendant Palmaseca Holding Inc. and Taxus, LLC, who has acted in concert with "state actors" for purposes of 42 USC 1983.

19. Upon information and belief, Defendant Thomas Dougherty is an attorney with offices in Palm Beach County of Florida who was hired to do work by Plaintiff directly relating to the property that is the subject of this action and has acted in concert with "state actors" herein.

20. Upon information and belief, Defendant Thomas Dougherty has an office address at 712 U.S. Highway One - Suite 210, North Palm Beach, FL 33408 situated in the County of Palm Beach in the State of Florida.

21. Upon information and belief, the Defendant County of Palm Beach is a governmental unit within the State of Florida located at 301 N. Olive Avenue, West Palm Beach, FL 33401 and is a "state actor" for purposes of 42 USC 1983.

22. Upon information and belief, the Defendant Palm Beach Sheriff's Office ( hereinafter

5

"PBSO" ) is a governmental unit within the County of Palm Beach within the State of Florida located at Headquarters: 3228 Gun Club Road West Palm Beach, FL 33406, General: (561) 688-3000, http://www.pbso.org/ and is a "state actor" for purposes of 42 USC 1983.

23. Upon information and belief, Defendant Robert B. Cook is a Florida licensed attorney who was hired by Plaintiff and is sued in both his individual and professional capacity with offices located at 4362 Northlake Blvd. Suite 213, Palm Beach Gardens, FL 33410 and has acted in concert with "state actors" for purposes of 42 USC 1983.

24. Upon information and belief, Defendant Robert B. Cook, P.A., is a professional corporation organized under the laws of Florida located at 4362 Northlake Blvd. Suite 213, Palm Beach Gardens, FL 33410 and has acted in concert with "state actors" for purposes of 42 USC 1983.

25. Upon information and belief, John and Jane Doe defendants exist both being state actors and private persons acting in concert with state actors.

## FACTS APPLICABLE TO ALL PARTIES

26. Upon information and belief, the legal description of the property which is the subject of this action is known as *129 East Milton Street, Lantana. Florida 34112, more particularly described as Lots 7, 8 and 9, Block 5, Unit 1, Greynolds Highlands, according to the Plat thereof, as Recorded in Plat Book 13, Page 25 of the Public Records of Palm Beach County Florida. The South half of that certain Platted 16.0 foot-wide alley lying East of the Northerly extension of the West Line of Lot 9, Block 5, and West of the Northerly extension of the East Line of Lot 7, Block 5, Unit 1, Greynolds Highlands according to the Plat thereof, as recorded in Plat Book 13, Page 25, of the Public Records of Palm Beach County.*

6

27. At all times relevant herein, Plaintiff Skender Hoti has had property and liberty interests in the subject property protected by the US Constitution and due process clause of the 5th and 14th Amendments.

28. The Due Process Clause of the 5th and Fourteenth Amendment protects against the deprivation of liberty without due process of law.

29. Persons violating the Fourteenth Amendment under color of state law are liable at law and in equity under 42 U.S.C. § 1983.

30. Defendants, while acting under color of state law or in concert with state actors under color of state law, have violated Plaintiff's clearly established rights to due process under the Fourteenth Amendment by depriving him.

31. At all times relevant herein, Plaintiff has been deprived of a meaningful opportunity to be heard and due process according to law within the State Courts of Florida of the 15th Judicial located in Palm Beach County by the defendants acting in concert.

32. At all times relevant herein, the Defendants have acted in concert by affirmative acts and/or omissions to deprive Plaintiff Skender Hoti of due process rights and interests in the subject property.

33. At all times relevant herein, Plaintiff Skender Hoti has been systematically targeted for deprivations of due process and the pursuit of life, liberty and property commencing on or about 2012, being targeted by then "State actor" Judge Martin Colin and his wife Betsy Savitt, also a "state actor" for purposes of 42 USC Sec. 1983.

34. Upon information and belief, at all times relevant herein, then Judge Martin Colin was a politically powerful figure within Palm Beach County with a direct relationship to the Chief Judge of the Florida Supreme Court Jorge LaBarga.

35. Upon information and belief with one source being investigative reports by John Pacenti of the Palm Beach Post, former State Judge Martin Colin had direct business relationships and loans with Defendant Bank of America at all relevant times herein.

36. Upon information and belief, Plaintiff Skender Hoti has a related case under 42 USC 1983 recently filed in the Southern District of Florida under case number 9:18-cv-80484-DMM.

37. Upon information and belief, the following State Court cases are related herein: Case No.50-2016-CA-013133XXXXMB and CASE NUMBER: 50-2015-CA-011261-XXXX-MB involving Faton Kurti, both within the 15th Judicial State Courts located in Palm Beach county.

38. Upon information and belief, the source being an official Department of Justice press release, federal indictments have been issued and an ongoing investigation into fraud in real estate and foreclosures in Palm Beach county covering at least relevant years herein from 2012 to 2015.

39. Upon information and belief, "A federal grand jury in West Palm Beach returned an indictment yesterday against three high-volume Florida real estate investors for conspiring to rig bids submitted through the online property foreclosure auction process, the Department of Justice announced. . . . . The indictment, filed in the U.S. District Court for the Southern District of Florida, charges Avi Stern, Christopher Graeve, and Stuart Hankin with conspiring to rig bids during online auctions in Palm Beach County, Florida in order to obtain foreclosed properties at

8

suppressed prices. The indictment alleges that the conduct took place from at least January 2012 until June 2015. . . . . . . . . . . . These charges have been filed as a result of the ongoing investigation being conducted by the Antitrust Division's Washington Criminal I Section and the FBI's Miami Division – West Palm Beach Resident Agency. **Anyone with information concerning bid rigging or fraud related to public real estate foreclosure auctions should contact the Washington Criminal I Section of the Antitrust Division at 202-307-6694 or www.justice.gov/atr/contact/newcase.html.**"

40. Upon information and belief, the US Justice Department ( hereinafter "DOJ" ) plead in one of the indictments, "The United States experienced a severe financial crisis and recession beginning in 2008. One of the industries hit hardest by the recession was the housing industry. In the years

after the recession began, millions of people became delinquent on their mortgage payments, and financial institutions were forced to foreclose on millions of their homes, including in the Southern District of Florida." See,

https://www.justice.gov/opa/press-release/file/1008621/download.

41. At all times relevant herein, Plaintiff Skender Hoti has been within the class of persons in the Southern District of Florida impacted by the financial recession and banking industry scandal.

42. Upon information and belief, the wrongful scheme and pattern of violations by the Defendants herein have harmed Plaintiff Skender Hoti in real estate interests, credit and financial equity holdings and in the general pursuit of life liberty and property under the US Constitution.

43. Upon information and belief and in part upon direct knowledge, direct reporting of the

9

wrongs against me and my holdings, property and business starting with Judge Colin and Betsy
Savitt in 2012 lead to a series of Investigative journal articles by John Pacenti of the Palm Beach
Posts and other shakeups in the Palm Beach County Court system.

44. Upon information and belief, Plaintiff has continued to be targeted by continuing and
ongoing wrongful schemes within the Palm Beach County and the operation of the State Court
system of the 15th Judicial in Palm Beach County similar to the organized criminal style of the
shakedown and taking of Plaintiff's properties by Judge Martin Colin and wife Betsy Savitt
shown by the Palm Beach Post articles described herein in violation of fundamental due process
and equal protections under the law.

45. Upon information and belief, the Post published the following article, Professional
guardian's lawyer empties man's home, By John Pacenti

Updated: 5:47 p.m. Friday, April 03, 2015 | Posted: 5:47 p.m. Friday, April 03, 2015

https://www.mypalmbeachpost.com/news/professional-guardian-lawyer-empties-man-home/Ks1
BZu5Aq0pEohOWiKZYiO/

46. Upon information and belief, the article found:"One afternoon three years ago, Skender Hoti
received an unusual call from a neighbor asking whether he was moving out of his Lake Worth
home."

47. Upon information and belief, the article found: "Hoti rushed to the house to find a moving
truck packed with furniture, heirlooms and valuables owned by him and the elderly woman he
called mom. The lock on his front door was bashed in and the house ransacked."

48. Upon information and belief, the article found: "But this wasn't breaking and entering by a

10

street thug. This was an attorney operating under a court-ordered guardianship."

49. Upon information and belief according to information obtained by the Pacenti investigation, "Court records shows that there was no legally required examination of Batson within five days of the appointment of temporary guardians to determine whether she was incapacitated by Alzheimer's disease."

50. Upon information and belief according to information obtained by the Pacenti investigation, "Colin oversees family and probate matters in Delray Beach, including guardianships of adults no longer able to care for themselves. Colin's wife, Elizabeth "Betsy" Savitt, is a former tennis pro turned professional guardian who operates in the same division and appears in front of Colin's colleagues."

51. Upon information and belief according to information obtained by the Pacenti investigation, "But Colbath and the chief judge before him, Peter Blanc, took no action to eliminate potential conflicts caused by the close relationships in the south county courthouse."

52. Upon information and belief according to information obtained by the Pacenti investigation, "Several families separately told The Post that Savitt openly cites her husband's powerful position when confronted over her actions."

53. Upon information and belief according to information obtained by the Pacenti investigation, "Savitt does not appear directly in front of her husband, but the attorneys who represent her litigated cases in front of him and relied on him at times to approve lucrative fees."

54. Upon information and belief according to information obtained by the Pacenti investigation, "In a case The Post wrote about in April, Savitt along with attorney Sheri Hazeltine — who represents Savitt in many cases — hauled out belongings from Gwendolyn Batson's Lake Worth home. Photos show they took nearly everything but the chandelier. Wearing badges with the word "guardian," they invoked an order signed by Judge Colin, witnesses told The Post.

55. Upon information and belief according to information obtained by the Pacenti investigation, "Colin's order appointed Batson's brother and sister-in-law as emergency temporary guardians for Batson in late January 2012, court records show. That decision would be reversed by a successor judge, but not before Savitt and Hazeltine in mid-February broke the lock on the home that Batson lived in and seized all of the belongings."

56. Upon information and belief according to information obtained by the Pacenti investigation, "It turned out the home and much of the property seized didn't belong to Batson but to restaurateur Skender Hoti, a Kosovo native who had taken care of Batson for decades. To get appointed emergency temporary guardian, Batson's brother, Kenneth Davis, claimed Hoti had taken financial advantage of his sister. Colin agreed, noting in his order that immediate action needed to be taken to safeguard Batson's belongings."

57. Upon information and belief according to information obtained by the Pacenti investigation, "Savitt and her attorney cleared out the home where Gwen Batson lived. But it was her adopted son Skender Hoti's house. Hoti says most of what they took was his."

58. Upon information and belief according to information obtained by the Pacenti investigation, "Davis used Colin's order — employing the judge's wife to help — to seize all the possessions

in the home where his sister lived."

59. Upon information and belief according to information obtained by the Pacenti investigation, "Last summer, Hoti said he filed an additional complaint about Savitt with the sheriff's office."

60. Upon information and belief according to information obtained by the Pacenti investigation, "In a remarkable document, Savitt's bill filed with the court shows she worked as a hired hand for Batson's brother to spirit Batson to Alabama."

61. Upon information and belief according to information obtained by the Pacenti investigation, "The bill indicates Savitt spied on Hoti at the restaurant he owns to make sure she could operate unencumbered and take possession of valuables from the Batson residence." , See article: Gwen Batson: Savitt clears house with husband's order,

https://www.mypalmbeachpost.com/guardianships-elizabeth-savitt/.

62. Plaintiff Skender Hoti has filed multiple complaints and reports with the County of Palm Beach PBSO ( Palm Beach Sheriff's Office ) about the scheme involving Colin and Savitt and related actions since 2012.

63. Upon information and belief, the Defendants County of Palm Beach and PBSO have a pattern, practice, municipal policy and custom of using the machinery of government to target individuals and apply the laws and powers of government in violation of due process and equal protection of the laws in favor of state actor political office holders and former office holders, State Judges and former State judges in Palm Beach County and others including but not limited to former state actor and Judge Martin Colin who was a "state actor" during most relevant times herein.

13

64. Upon information and belief, at all times relevant herein since on or about 2012 or earlier to the present, Plaintiff Skender Hoti has been targeted by these practices, policies and customs in and by Palm Beach County and County PBSO and State Court actors within Palm Beach County in violation of fundamental due process rights and equal protections of the law.

65. Upon information and belief, Plaintiff Skender Hoti has been targeted within Palm Beach County and the 15th Judicial State courts by multiple schemes to deny due process, life, liberty and property since being targeted by Judge Colin and Betsy Savitt including but not limited to False Billing schemes by attorneys, false liens on real properties and other schemes and due process violations against property and real estate and business interests.

66. Upon information and belief, the County of Palm Beach and "PBSO" by affirmative acts and omissions have failed to take any steps to correct the deprivations of due process against Plaintiff Skender Hoti herein.

67. Upon information and belief, Plaintiff Skender Hoti has made complaints and provided information to the Federal Bureau of Investigation ( FBI ) about actions in Palm Beach County.

## FACTUAL ALLEGATIONS RELATING TO THE SUBJECT REAL PROPERTY INTERESTS OF PLAINTIFF

68. Skender Hoti is the Plaintiff and is a natural person residing in the County of Palm    Beach, Florida with certain interests in real property both equitable and legal as described further herein.

69. Upon information and belief, the legal description of the property which is the subject of this action is known as  129 East Milton Street, Lantana. Florida 34112, more particularly described

14

as Lots 7, 8 and 9, Block 5, Unit 1, Greynolds Highlands, according to the Plat thereof, as

Recorded in Plat Book 13, Page 25 of the Public Records of Palm Beach County Florida. The

South half of that certain Platted 16.0 foot-wide alley lying East of the Northerly extension of the

West Line of Lot 9, Block 5, and West of the Northerly extension of the East Line of Lot 7,

Block 5, Unit 1, Greynolds Highlands according to the Plat thereof, as recorded in Plat Book 13,

Page 25, of the Public Records of Palm Beach County.

70. That upon information and belief, Plaintiff Skender Hoti has both legal and equitable

interests in the subject property that cloud title and require judicial determination.

71. That the defendants acting in concert, by affirmative acts and omissions have deprived

Plaintiff of due process in the lawful pursuit of his property interests in the subject real property

causing financial and economic harm, impairing equity and credit position, and other damages as

further stated herein.

72. That Plaintiff Skender Hoti acquired some form of legal and equitable title to said property

on or about Dec. of 2015 by virtue of a Quit-Claim Deed from one Faton Kurt, the owner of said

property who had a Mortgage with Defendant Bank of America, N.A.. See Quit Claim Deed

Exhibit 1.

73. That on or around Dec. of 2015, Plaintiff also obtained a Durable Power of Attorney from

owner Faton Kurti to take all powers and actions with respect to the subject property. See Exhibit

2.

74. Upon information and belief, the Defendant Bank of America claimed to hold some form of

15

mortgage and "Note" against the subject property at all relevant times herein.

75. That on or around December of 2015 up until August of 2016, Plaintiff Skender Hoti had retained, hired and employed one Thomas Dougherty, attorney and professional, to further the interests in the subject property with Defendant Bank of America including but not limited to obtaining pay-off information, Assignment of Mortgage information, Loan modification information, and all other actions to further legal and equitable interests in the subject property.

76. Upon information and belief, Defendant Dougherty was aware of Plaintiff Hoti's targeting by state actor Judge Martin Colin and Betsy Savitt during all relevant times herein.

77. That Plaintiff Skender Hoti made equitable and other improvements to the subject property during this time including maintaining the property, supervision of the property, safety and security of the property, bathroom and roof improvements and other actions to help protect the subject property which further provided benefits to Defendant Bank of America.

78. That Defendant Thomas Dougherty failed to exercise the ordinary reasonable care and skill of an attorney on Plaintiff's behalf and specifically failed to take certain action on Plaintiff's behalf in a Foreclosure Action by Defendant Bank of America against Faton Kurti under CASE NO: 502015CA011261XXXXMB AW in Palm Beach County.

79. That, upon information and belief, either through neglect or acts in concert with others, Defendant Thomas Dougherty failed to take proper action with Bank of America to further and advance Plaintiff's interests in the subject property, failing to contact Defendant Bank of

16

America, failing to obtain proper information from Bank of America and other.

80. That Defendant Bank of America was negligent or acting in concert with others during the same period of time by delaying processing and other information to Plaintiff to protect the interests in the subject property and negligently and or intentionally interfering with rights of the Plaintiff.

81. That such conduct and wrongful action directly relates to the proper title and legal and equitable claims to the subject property and there is a real controversy herein proper for an action to quiet title and to determine Plaintiff's rights or lien on such subject property.

82. Upon information and belief, Judge Peter Blanc, Judge Barkdull, Judge Keyser and Judge Garrison are all "state actors" under 42 USC 1983 who have acted in concert to violate Plaintiff's due process rights with Defendants The Marinosci Law Group, P.C.,  Defendants Thomas Dougherty, individually and Thomas Dougherty, P.A., and Defendants Robert B. Cook, P.A., Robert B. Cook individually,to violate Plaintiff's due process rights under 15th Judicial State Case No: 50-2015-CA-011261-XXXX-MB damaging Plaintiff's interests in the subject property herein.

83. That Defendant Dougherty failed to exercise reasonable care and skill of an attorney by failing to file to protect Plaintiff's rights to the property in the State Court action under Case No: 50-2015-CA-011261-XXXX-MB and allowing a Default Judgment to be taken by Defendant Bank of America in April of 2016 under Palm Beach County Docket Entry No. 29 signed by state actor Judge Peter Blanc.

84. That during the time of December 2015 until April of 2016 when the Default was taken, Defendant Dougherty was hired by Plaintiff to pursue his interests in the subject property with Defendant Bank of America but failed to exercise ordinary and reasonable care and skill of an attorney to do so.

85. That Defendant Dougherty never filed a Notice of Appearance in case number 50-2015-CA-011261-XXXX-MB and that state actor Judge Peter Blanc and Defendants Bank of America and Defendants Marinosci Law Group, P.C acting for Defendant Bank of America at all times knew and had to know that Defendant Dougherty never filed a Notice of Appearance in the case.

86. That state actor Judge Blanc and Defendants Bank of America, Marinosci Law Group, P.C and Defendant Dougherty acting in concert proceeded to allow false and fraudulent state court proceedings to go forward in that action to a false and fraudulent "Trial" on Aug. 1, 2016 knowing Defendant Dougherty had never filed a Notice of Appearance in the action all depriving due process to Plaintiff Skender Hoti in the pursuit of his property interests.

87. That Defendant Dougherty failed to exercise the ordinary and reasonable care and skill of an attorney by failing to obtain Discovery, the original Note from Defendant Bank of America, failing to pursue Mediation, failing to obtain proper Loan modification and other remedies with Bank of America and other acts of malpractice to harm Plaintiff Hoti.

88. That Plaintiff Hoti thereafter hired the professional services of Defendant Robert B. Cook attorney to represent his interests in the state court action herein.

89. That the Defendant Cook and Cook law firm failed to exercise the ordinary and reasonable care and skill of an attorney by failing to move under fraud grounds to Vacate the Judgment of Foreclosure and then proceeded to permit the Foreclosure Sale to happen by failing to take ordinary and reasonable steps of an attorney to have any motions "heard" on behalf of Plaintiff Hoti prior to the Sale in Foreclosure.

90. That the Defendants Palmaseca Holding Inc. and Taxus, LLC, were the alleged buyers of the subject property at the Foreclosure sale.

91. That at all times relevant herein Defendants Palmaseca Holding Inc. and Taxus, LLC and acting through their attorneys Defendants Mejia, Shehadeh, Giannamore, PLLC, Juan G. Mejia knew and should have known from the face of the Court Docket and Records in the State Court of the fraud in the proceedings.

92. That Defendants Robert B. Cook and the Cook law firm continued to advise Plaintiff Hoti that his firm was working with the Lender ( Defendant Bank of America ) prior to Defendants Palmaseca Holding Inc. and Taxus, LLC taking possession of the subject property but Defendant Cook and the Cook law firm has never provided any documentation of these communications while advising Plaintiff he had continued rights in the subject property.

93. That Plaintiff Hoti filed an action to Quiet Title and for Negligence relating to the subject property in the State Court against Defendants Bank of America and Dougherty under case number 50-2016-CA-013133-XXXX-MB.

19

94. Upon information and belief, State Judge James Nott is a Judge of the 15th Judicial Courts located in Palm Beach County and a "state actor" for purposes of 42 USC 1983 conspiring to act with Defendants Bank of America, Mejia, Shehadeh, Giannamore, PLLC, Juan G. Mejia, Florida Attorney both individually and professionally, and Defendants Thomas Dougherty, individually and Thomas Dougherty, P.A., in case Number 50-2016-CA-013133-XXXX-MB in the State Courts of Palm Beach County.

95. That Defendants The Liebler, Gonzalez & Portuondo law firm, Berit Griffin, Florida attorney both individually And professionally, Ricardo Clerge-Apollon, acted as attorneys and agents for Defendant Bank of America in case number 50-2016-CA-013133-XXXX-MB.

96. That on Oct. 16, 2017 under Docket Entry No. 22 Judge Cymonie Rowe denied Defendant Bank of America's Motion to Dismiss the Quiet Title action brought by Plaintiff Hoti and allowed Plaintiff Hoti the right to Amend the complaint on negligent interference by Defendant Bank of America.

97. That as a result of these and related actions Plaintiff Hoti was being forced into Bankruptcy during this time and is presently in the US Bankruptcy Court of the Southern District of Florida as a Debtor.

98. That Defendants Palmaseca Holding Inc. and Taxus, LLC and acting through their attorneys Defendants Mejia, Shehadeh, Giannamore, PLLC, Juan G. Mejia intervened into the state action as subsequent purchasers and on at hearing in the State Court on Jan. 25, 2018 there was a last

20

minute "Judge switching" in the case to state actor Judge Nott who dismissed Plaintiff's claims.

99. That Defendants Palmaseca Holding Inc. and Taxus, LLC and acting through their attorneys Defendants Mejia, Shehadeh, Giannamore, PLLC, Juan G. Mejia, Bank of America, Dougherty and The Liebler, Gonzalez & Portuondo law firm, Berit Griffin, Florida attorney both individually And professionally, Ricardo Clerge-Apollon, acted in concert and conspired with state actor Judge Nott to thereafter obtain a false and fraudulent Order of Dismissal with Prejudice on or about 2-27-2018 under Docket Entry No. 39 after the action had already been Voluntarily Dismissed by Plaintiff Hoti without Prejudice as of the Notice and filing of 2-23-18 under Docket Entry No. 38.

100. On or about        Feb. 23, 2018 Plaintiff Skender Hoti filed a Notice of Voluntary Dismissal Without Prejudice of the "Quiet Title Action" under CASE NUMBER:
50-2016-CA-013133-XXXX-MB 02/23/2018 as listed in the Palm Beach County ECaseView under Docket Number 38 as follows: "NOTICE OF VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE UNDER FLORIDA RULES OF CIVIL PROCEDURE 1.420(A)(1) F/B PLT SKENDER HOTI".

101. That the actions of state actor Judge Nott were taken in the clear absence of all jurisdiction on a case already dismissed and was designed to further deny and damage Plaintiff Hoti in the due process pursuit of his property rights.

102. That Plaintiff has suffered direct economic damages from lost rents in excess of $20,000.00 and loss Sale profits of approximately $60,000.00 causing other consequential and incidental

21

damages to credit, equity position and other financial harm.

103. That Plaintiff has repeatedly sought medical care for stress and been under doctor's orders for stress and has suffered other mental anguish and harm as a result of the conduct of the defendants herein.

104. That Plaintiff seeks all costs and fees as allowed by law and equitable relief and such other and further relief as just and proper.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS

### 42 U.S.C. § 1983

### Violation of the Fourteenth Amendment

### Due Process

105. Plaintiff repeats and realleges all of the allegations contained in Paragraphs 1-104 as if specifically repeated herein.

106. As to all Defendants, Plaintiff demands judgment for violations of Due Process under the 5th and 14th Amendments to the US Constitution in the amount of $1,000,000.00 ( 1 Million ) US Dollars together with such costs, interests and fees as allowed by law.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO MUNICIPAL AND STATE ACTOR DEFENDANTS

107. Plaintiff repeats and realleges all of the allegations contained in Paragraphs 1-106 as if

specifically repeated herein.

108. As to the County of Palm Beach, PBSO, and all state actor defendants, Plaintiffs alleges deliberate indifference and failure to train and seeks Judgment in the amount of $1,000,000.00 ( 1 Million ) US Dollars together with costs, fees and interest as allowed by law.

## AS AND FOR A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS

109. Plaintiff repeats and realleges all of the allegations contained in Paragraphs 1-108 as if specifically repeated herein.

110. As to all defendants Plaintiff alleges negligence and negligent interference and seeks damages in the amount of $500,000.00 US Dollars and direct economic loss of $100,000.00 plus incidental and consequential damages and such costs, fees and interest as allowed by law.

## AS AND FOR A FOURTH CAUSE OF ACTION AS TO ATTORNEYS DOUGHERTY AND COOK AND RESPECTIVE LAW FIRMS

111. Plaintiff repeats and realleges all of the allegations contained in Paragraphs 1-110 as if specifically repeated herein.

112. As to Defendant attorneys Thomas Dougherty and Robert B. Cook and their respective law firms, Plaintiff alleges failure to exercise the ordinary and reasonable care and skill as attorneys in the nature of legal malpractice and seeks damages in the amount of $100,000.00 together with

such costs, fees and interest as allowed by law.

## AS AND FOR A FIFTH CAUSE OF ACTION -QUIET TITLE

113. Plaintiff repeats and realleges all of the allegations contained in Paragraphs 1-112 as if specifically repeated herein.

114. Plaintiff seeks equitable and legal relief in relation to the subject property herein in the nature of Quiet Title and determination of equitable and legal title and for such other and further relief as allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs demand Judgment against Defendants and prays this Court promptly As follows:

First cause of action in the amount of $ 1 million plus fees, costs and interests by law;

Second cause of action in the amount of $1 million plus fees, costs and interests by law.

Third cause of action in the amount of $500,000.00 plus $100,000.00 economic harm plus incidental and consequential damages plus fees, costs and interest as allowed by law;

Fourth cause of action in the amount of $100,000 plus fees costs and damages and incidental damages.

Fifth cause of action in the nature of Quiet Title and equitable relief to the subject property plus fees, costs and interests by law.

And for such other and further relief as may be just and proper.

24

Dated: _____

Skender Hoti,

Plaintiff, Pro Se

3103 Drew Way

Palm Springs, FL 33406

(561)385-6390



## REAL ESTATE SPECIFIC DURABLE POWER OF ATTORNEY OF

## FATON KURTI

**Introductory Provision.** I, **FATON KURTI**, as principal (the "Principal") have this day appointed **SKENDER HOTI** to serve as my agent ("Agent") and to exercise the powers and discretions set forth below.

**Statement of Intent to Create Durable Power of Attorney Under State Statute.** By this instrument I intend to create a Durable Power of Attorney under Florida law.

### ARTICLE I

### ASSET POWER

1.1 **Power relating to Specific Real Property.** My Agent is authorized in my Agent's sole and absolute discretion from time to time and at any time, to handle and any all legal matters for the property located at 129 East Milton Street, Lantana, Florida 34112 including non-resolved to liens with the City of Lantana and defending and resolving the foreclosure case in Palm Beach County, Florida with Bank of America and any other legal matters affecting the Property  which is more particularly described as:



Lots 7,8, and 9, Block 5, Unit No.1, GREYNOLDS HIGHLANDS according to the Plat thereof, as recorded in Plat Book 13, Page 25 of the Public Records of Palm Beach County, Florida.

The South half of that certain platted 16.0 foot-wide alley lying East of the Northerly extension of the West Line of Lot 9, Block 5, and West of the Northerly extension of the East Line of Lot 7, Block 5, Unit No.1 GREYNOLDS HIGHLANDS according to the Plat thereof, as recorded in Plat Book 13, Page 25 of the Public Records of Palm Beach County, Florida

(the "Premises") on such terms and conditions as my Agent shall deem appropriate; and in total or partial payment of the consideration for the Premises, to make, execute and deliver deeds or other document of conveyance, mortgages and promissory notes in such amounts, at such interest rates, for such terms and with such other provisions as to my Agent shall seem appropriate and to secure such note or notes with a mortgage on the premises executed and delivered by my Agent to the holder of such notes.

### ARTICLE II

### INCIDENTAL POWERS

2. **Introduction.**  In connection with the exercise of the powers and discretions herein described, my agent is fully authorized and empowered to perform any acts and things and to execute and deliver any documents, instruments, affidavits, certificates, and papers necessary or appropriate, to such exercise or exercises, including without limitation the following:

Page 1 of 4

*Fk*

EXHIBIT A

Fuclezor "Sharon" Colection -
800-
869 0102 -
/ 8250

## REAL ESTATE SPECIFIC DURABLE POWER OF ATTORNEY OF

## FATON KURTI

**Introductory Provision**. I, FATON KURTI, as principal (the "Principal") have this day appointed SKENDER HOTI to serve as my agent ("Agent") and to exercise the powers and discretions set forth below.

**Statement of Intent to Create Durable Power of Attorney Under State Statute**. By this instrument I intend to create a Durable Power of Attorney under Florida law.

## ARTICLE I

## ASSET POWER

1.1     **Power relating to Specific Real Property**. My Agent is authorized in my Agent's sole and absolute discretion from time to time and at any time, to handle any and all legal matters for the property located at 129 East Milton Street, Lantana, Florida 33462 including not limited to liens with the City of Lantana and defending and resolving the foreclosure case in Palm Beach County, Florida with Bank of America and any other legal matters affecting the Property which is more particularly described as:

> Lots 7,8, and 9, Block 5, Unit No.1 GREYNOLDS HIGHLANDS according to the Plat thereof, as recorded in Plat Book 13, Page 25 of the Public Records of Palm Beach County, Florida.

The South half of that certain platted 16.00 foot wide alley lying East of the Northerly extension of the West Line of Lot 9, Block 5, and West of the Northerly extension of the East Line of Lot 7, Block 5, Unit No.1 GREYNOLDS HIGHLANDS according to the Plat thereof, as recorded in Plat Book 13, Page 25 of the Public Records of Palm Beach County, Florida

(the "Premises") on such terms and conditions as my Agent shall deem appropriate; and in total or partial payment of the consideration for the Premises, to make, execute and deliver deeds or other document of conveyance, mortgages and promissory notes in such amounts, at such interest rates, for such terms and with such other provisions as to my Agent shall seem appropriate and to secure such note or notes with a mortgage on the premises executed and delivered by my Agent to the holder of such notes.

## ARTICLE II

## INCIDENTAL POWERS

2.1     **Introduction**. In connection with the exercise of the powers and discretions herein described, my Agent is fully authorized and empowered to perform any acts and things and to execute and deliver any documents, instruments, affidavits, certificates, and papers necessary or appropriate, to such exercise or exercises, including without limitation the following:

Page 1 of 4

*FK*



EXHIBIT A

2.2   <u>Resort to Courts</u>.  To seek on my behalf and at my expense:

(a)   a declaratory judgment from any court of competent jurisdiction interpreting the validity of this instrument and any of the acts authorized by this instrument, but such declaratory judgment shall not be necessary in order for my Agent to perform any act authorized by this instrument.

(b)   a mandatory injunction requiring compliance with my Agent's instructions by any person, organization, corporation, or other entity obligated to comply with instructions given by me.

(c)   actual and punitive damages and the recoverable costs, fees and expenses of such litigation, against any person, organization, corporation or other entity obligated to comply with instructions given by me who negligently or willfully fails or refuses to follow such instructions.

(i)   <u>Hire and Fire - All Personnel</u>.  To employ, compensate and discharge such domestic, health care and professional personnel including lawyers, accountants, doctors, nurses, brokers, financial consultants, advisors, consultants, companions, servants and employees as my Agent deems appropriate.

(ii)   <u>Sign Documents and Incur Costs in Implementing the Agent's Instructions</u>.  To sign, execute, endorse, seal, acknowledge, deliver and file or record instruments and documents, including but not limited to contracts, agreements and conveyances of real and personal property, instruments granting and perfecting security instruments including without limitation promissory notes and mortgages and obligations, orders for the payment of money, receipts, releases, waivers, elections, vouchers, consents, satisfactions and certificates.  In addition, any Agent of mine who has the authority to incur costs on my behalf may render the bills for such costs to any Agent of mine who has been granted the authority to pay such costs or to any trustee of any revocable living trust of mine, or guardian, committee or conservator who has authority to pay such costs I request that cost be paid promptly.  Any recipient thereof (i.e. my Agent with authority to pay or my trustee) shall promptly pay such costs.



## ARTICLE III

### THIRD PARTY RELIANCE

3.1   <u>Introduction</u>.  For the purpose of inducing all persons, organizations, corporations and entities, including but not limited to any bank, broker, custodian, insurer, lender, transfer agent, taxing authority, governmental agency, or other party, all of whom will be referred to in this article as a "Person", to act in accordance with the instructions of my Agent as authorized in this instrument with respect to my property matters, I hereby represent, warrant and agree that:



3.2   <u>Third Party Liability for Revocation and Amendments</u>.  If this instrument is revoked or amended for any reason, I, my estate, and my personal representative will hold any person, organization, corporation or entity, hereinafter referred to in the aggregate as "Person", harmless from any loss suffered, or liability incurred by such Person in acting in accordance with the instructions of my Agent acting under this instrument prior to the receipt by such Person of actual written notice of any such revocation or amendment.

3.3   <u>Agent Has Power to Act Alone</u>.  The powers conferred on my Agent by this instrument may be exercised by my Agent alone and my Agent's signature or act under the authority granted in this

*FK*

EXHIBIT A

instrument may be accepted by persons as fully authorized by me and with the same force and effect as if I were personally present, competent, and acting on my own behalf. Consequently, all acts lawfully done by my Agent hereunder are done with my consent and shall have the same validity and effect as if I were personally present and personally exercised the powers myself, and shall inure to the benefit of and bind me and my estate and my personal representative.

3.4    **No Liability to Third Parties for Reliance on Agent**.  No Person who relies in good faith on the authority of my Agent under this instrument shall incur any liability to me, my estate or my personal representative. In addition, no Person who acts in reliance on any representations my Agent may make as to (a) the fact that my Agent's powers are then in effect, (b) the scope of my Agent's authority granted under this instrument, (c) my competency at the time this instrument is executed, (d) the fact that this instrument has not been revoked or amended, or (e) the fact that my Agent continues to serve as my Agent, shall incur any liability to me, my estate or my personal representative for permitting my Agent to exercise any such authority, nor shall any Person who deals with my Agent be responsible to determine or insure the proper application of funds or property by my Agent. Any party dealing with any Person named as Agent (including any Person named as an Alternate Agent hereunder) may rely on as conclusively correct an affidavit or certificate of such Agent that (i) my Agent's powers are then in effect, (ii) the action my Agent desires to take is within the scope of my Agent's authority granted under this instrument, (iii) I was competent at the time this instrument was executed, (iv) this instrument has not been revoked, and/or (v) my Agent continues to serve as my Agent.

3.5    **Authorization to Release Information to Agent**.  All Persons from whom my Agent may request information regarding me, my personal or financial affairs, or any information which I am entitled to receive are hereby authorized to provide such information to my Agent without limitation and are released from any legal liability whatsoever to me, my estate or my personal representative for complying with my Agent's requests.

<u>ARTICLE IV</u>

<u>DURABILITY PROVISION</u>

4.1    **Immediate Power**.  This power of attorney shall not be affected by my subsequent disability or incapacity, or lapse of time.

<u>ARTICLE V</u>

<u>ADMINISTRATIVE PROVISIONS</u>

5.1    **Introduction**.  The following provisions shall apply:

(a)    **Reimbursement and Compensation of Agent**.  My Agent shall be entitled to reimbursement for all reasonable costs and expenses, including reasonable attorney's fees, actually incurred and paid by my Agent on my behalf at any time under any provision of this instrument. My Agent shall not be entitled to compensation for services rendered hereunder.

(b)    **Waiver of Acts of Omission and Commission**.  My Agent (and my Agent's estate and personal representative), acting in good faith, are hereby released and forever discharged from any and all civil liability and from all claims or demands of all kinds whatsoever by me or my estate and personal representative arising out of the acts or omissions of my Agent, except for willful misconduct or gross negligence.

Page 3 of 4

EXHIBIT A

(c)      **Severability**.  If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

(d)      **Governing Law and Applicability to Foreign Jurisdictions**. This instrument shall be governed by the laws of the state of Florida in all respects, including its validity, construction, interpretation and termination.

(e)      **Definitions**.  Whenever the word "Agent" or any modifying or equivalent word or substituted pronoun therefor is used in this instrument, such word or words shall be held and taken to include both the singular and the plural, the masculine, feminine and neuter gender thereof.

(f)      **Revocation, Amendment and Resignation**.  This instrument may be amended or revoked by me at any time by the execution by me of a written instrument of revocation or amendment, delivered to my Agent .  If this instrument has been filed or recorded in the public records, then the instrument of revocation or amendment shall be filed or recorded in the same public records.  My Agent and any Alternate Agent may resign by the execution of a written resignation delivered to me or, if I am mentally incapacitated, by delivery to any person with whom I am residing or who has the care and custody of me or, in the case of an Agent's resignation, by delivery to the Alternate Agent.

(g)      **Binding Effect**. This instrument and actions taken by my Agent properly authorized hereunder shall be binding on me, my estate and my personal representative.

IN WITNESS WHEREOF, I have executed this Durable Power of Attorney this ⟨9⟩ day of _December_, 2015.

_____
FATON KURTI

WITNESSES:

Print Name _GULIH EFENDY_          Print Name _KRESHNIK KURTI_

STATE OF _CJAKOVE_

COUNTY OF _KOSOVE_          **ACKNOWLEDGMENT**

The foregoing instrument was acknowledged before me on this 29 day of _December_, 2015 by Faton Kurti. ☒ who is personally known to me or ☐ who produced _____ as identification.

NOTARY PUBLIC:

_See the last page of Notary_
_and the Stamps_
(print or type name beneath signature line)
State of
My commission expires:
My commission number is:

{notarial seal}

Page 4 of  4

NOT A CERTIFIED COPY

EXHIBIT A

LRP. nr. 5888/2015

Shaqir Vula, noter në Gjakovë rruga "Nëna Terezë" nr. 147, Hyrja e I-rë, Kati i I-rë, apartamenti 20, Vërteton se nënshkrimi i vënë më lartë i Zotëri **FATON KURTI**, lindur me **30.03.1959**, ne Gjakovë, me vendbanim në **Gjermani**, me adresën Klara – Ziegler – Bogen 14, 81739 Minhen, shtetas i Republikës Federative të Gjermanisë, me nr. të letërnjoftimit Gjerman LF085VX9V, është vënë në prani të tij në një dokument të quajtur **"Real Estate Specific Durable Power of Attorney of Faton Kurti"** i cili është në gjuhën angleze.————————————————————————————

Zotëri **FATON KURTI** këtë nënshkrim e ka bërë me dorën e vetë.————————————
Noteri nuk është përgjegjës për përmbajtjen e këtij dokumenti dhe nuk është i detyruar të verifikoje a kanë të drejtë palët që të lidhin punën për të cilën bëhet fjalë në këtë dokument.——————
**Noteri vërteton se ky nënshkrim është i vërtetë.**————————————————
Veprimi u krye në Gjakovë me **29.12.2015** (njëzet e nëntë dhjetor dymijë e pesëmbëdhjetë).——





EXHIBIT A



EXHIBIT A

CFN 20160137480
OR BK 28243 PG 0001
RECORDED 04/21/2016 09:02:30
Palm Beach County, Florida
AMT 188,000.00
Doc Stamp 1,316.00
Sharon R. Bock,CLERK & COMPTROLLER
Pgs 0001 - 3; (3pgs)

This document prepared by,
record and return to:
Daniel J. Rose, Esq.
DANIEL J. ROSE, P.A.
323 NE 6th Ave
Delray Beach, Florida 33483

Property Control No.   40-43-45-03-15-005-0070

**PREPARER HAS NOT CONDUCTED A TITLE
SEARCH AND NO REPRESENTATION IS
MADE AS TO TITLE.**

# Quit Claim Deed

This Indenture, made this 29 day of _December_ 2015 between Faton T. Kurti, a single man of the County of Palm Beach in the State of Florida, party of the first part, whose post office address is 129 East Milton Street, Lantana, Florida 34122 and Skender Hoti, a married man party of the second part, and whose post office address is 303 Daisy Way, Palm Spring, Florida 33406

**Witnesseth:**

That the said party of the first part, for and in consideration of the sum of $10.00 and other valuable consideration, to him in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said party of the second part, his heirs and assigns forever, the following described land, to wit:

Lots 7,8, and 9, Block 5, Unit No.1 GREYNOLDS HIGHLANDS according to the Plat thereof, as recorded in Plat Book 13, Page 25 of the Public Records of Palm Beach County, Florida.

The South half of that certain platted 16.0 foot-wide alley lying East of the Northerly extension of the West Line of Lot 9, Block 5, and West of the Northerly extension of the East Line of Lot 7, Block 5, Unit No.1 GREYNOLDS HIGHLANDS according to the Plat thereof, as recorded in Plat Book 13, Page 25 of the Public Records of Palm Beach County, Florida.

Subject to all restrictions and all amendments thereto, easements, restrictions and reservations of record not coupled with a right of reverter and taxes for the current year.

And the said party of the first part does hereby fully warrant the title to said land, and will defend the same against the lawful claims of all persons whomsoever.



Page 1 of 2

NOT A CERTIFIED COPY

EXHIBIT A

Signed, sealed and delivered in the presence of:

_GJOKIM GFEKBDN_

*(Type or print name beneath line)*

Faton T. Kurti

_KRESHNIK KURTI_

*(Type or print name beneath line)*

STATE OF _GJAKOVE_

COUNTY OF _KOSOVO_

ACKNOWLEDGMENT

The foregoing instrument was acknowledged before me on this 2⁴ day of _December_ ᵘᵗᵉ by Faton T. Kurti who is personally known to me or ☐ who produced _____ as identification.

NOTARY PUBLIC:

_See the last page, Stamp of Notary Public_

State of

My commission expires:

My commission number is:

(notarial seal)

Page 2 of 2

FK

LRP. nr. 5887/2015

Shaqir Vula, noter në Gjakovë rruga "Nëna Terezë" nr. 147, Hyrja e I-ë, Kati i I-ë, apartamenti 20, Vërteton se nënshkrimi i vënë më lartë i Zotëri FATON KURTI, lindur me 30.03.1959, ne Gjakovë, me vendbanim në Gjermani, me adresën Klara – Ziegler – Bogen 14, 81739 Minhen, shtetas i Republikës Federative të Gjermanisë, me nr. të letërnjoftimit Gjerman LF085VX9V, është vënë në prani të tij në një dokument të quajtur "Quit Claim Deed" i cili është në gjuhën angleze.
Zotëri FATON KURTI këtë nënshkrim e ka bërë me dorën e vet.
Noteri nuk është përgjegjës për përmbajtjen e këtij dokumenti dhe nuk është i autoruar të vërtetoi se kanë të drejtë palët që të lidhin punën për të cilën bëhet fjalë në këtë dokument.
Noteri vërteton se ky nënshkrim është i vërtetë.
Veprimi u krye në Gjakovë me 29.12.2015 (njëzet e nëntë dhjetor dymijë e pesëmbëdhjetë).

*NOT A CERTIFIED COPY*

FK

Book28243/Page3

Page 3 of 3

I hereby certify the foregoing is a true copy of the record in my office
with redactions, if any as required by law as of this day, Oct 11, 2016
Sharon R. Bock, Clerk and Comptroller, Palm Beach County, Florida
BY _____ Deputy Clerk
Catherine S. Siegel

EXHIBIT A