SOUTHERN DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT

CASE NO. 18-CV-80657-Rosenberg/Reinhart

SKENDER HOTI,

       Plaintiff,

v.

DAVID M. GARTEN, ESQ., *et al.*,

       Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT (ECF Nos. 41, 43, and 53)

Before the Court for decision are (1) the Motion to Dismiss filed by Defendant Palm Beach Sheriff Ric Bradshaw ("PBSO"), ECF No. 41, (2) the Motion to Dismiss filed by Defendant Marinosci Law Group, P.C. ("MLG"), ECF No. 43, and (3) the Motion to Dismiss filed by Defendant Palm Beach County ("PBC"), ECF No. 53. The Motions were referred to me by the Honorable Robin L. Rosenberg on April 1, 2021, for appropriate disposition. ECF No. 61. With their respective motions, PBSO, MLG, and PBC seek dismissal of Pro Se Plaintiff Skender Hoti's ("Plaintiff") First Amended Complaint ("FAC") (ECF No. 40). Defendants contend that any further amendment would be futile and seek dismissal with prejudice. I have reviewed the FAC, the Motions to Dismiss, Plaintiff's Response to each Motion to Dismiss (ECF Nos. 51, 54, and 58), PBSO's Reply (ECF No. 55), PBC's Reply (ECF No. 64), and Plaintiff's

Surreply to PBC's Motion to Dismiss (ECF No. 67).[1] I am fully advised and this matter is now ripe for decision. For the reasons stated below, I **RECOMMEND** that

PBC's Motion to Dismiss (ECF No. 53) be **GRANTED**, PBSO's Motion to Dismiss (ECF No. 41) be **GRANTED IN PART AND DENIED IN PART**, and MLG's Motion to Dismiss (ECF No. 43) be **GRANTED**.

## PROCEDRUAL BACKGROUND AND FACTS ALLEGED IN THE PLEADINGS

Plaintiff filed his initial five-count Complaint on May 18, 2018, alleging, among other things, violations of his Due Process Rights under 42 U.S.C. § 1983, deliberate indifference, and failure to train. ECF No. 1.[2]  The case was then stayed pending the resolution of a related case before Judge Donald M. Middlebrooks. *See Hoti v. Barkley Master Ass'n, Inc., et al*, 9:18-CV-80484-DMM. Judge Middlebrooks dismissed Plaintiff's claims in the related case, and on October 13, 2020, Judge Rosenberg reopened the present case. ECF No. 23. Plaintiff requested the opportunity to file an amended complaint and that request was granted. ECF No. 33. Plaintiff's seven-count FAC was filed on January 27, 2021. ECF No. 40. The FAC alleges the following: (1) a 42 U.S.C. § 1983 claim against all Defendants for violations of the Due Process Clause; (2) a claim against Defendants PBSO, PBC, and "all state actor defendants," for deliberate indifference and failure to train; (3) a claim against all Defendants for

---

[1] MLG did not file a Reply to Plaintiff's Response to its Motion to Dismiss.

[2] This case was initially two separate cases that were consolidated together by Judge Rosenberg on December 8, 2020. *See* ECF No. 33. *Hoti v. Bank of America, N.A. et al.*, (9:18-CV-80657) was consolidated with *Hoti v. David M. Garten et al.* (9:18-CV-80704) ("*Garten*") under the present case number.

negligence and negligent interference; (4) a claim against Defendants David Garten, Deborah Fitzgerald, Kelly Voght, and the Law Firm of Walton, Lantaff, Schroeder & Carson, LLP for fraud and fraudulent billing; (5) a claim for equitable relief "in relation to the subject properties in the nature of removing all false liens, judgments and other wrongful encumbrances caused by Defendants and clearing legal title";[3] (6) a second claim against all Defendants for negligence and negligent interference; and (7) a claim against Defendants Thomas Dougherty and Robert B. Cook "and their respective law firms for failure to exercise the ordinary and reasonable care and skill as attorneys in the nature of legal malpractice." ECF No. 40 ¶¶ 138–50.

The allegations stem from a relationship between Plaintiff and an elderly woman named Gwen Batson. In 2012, Ms. Batson was residing in a home owned by Plaintiff when she was deemed incapacitated by Palm Beach County Circuit Judge Martin Colin. ECF No. 40-2. Ms. Batson's brother, Kenneth Davis, hired attorney Sheri Hazeltine, and was subsequently appointed as Ms. Baton's temporary guardian. *Id.* Ms. Hazeltine, along with Judge Colin's wife, Betsy Savitt, emptied out Plaintiff's home under the misunderstanding that it was Ms. Baton's home and it was her items that were inside of it. *Id; see also* ECF No. 40 ¶¶ 53–55, 61–64. The Court later ordered Plaintiff's items returned to him, however, Plaintiff claims that there are still items missing. ECF No. 40-2.

---

[3] It is unclear to the Court whether Count V applies to all Defendants or a specific subset. For purposes of this Report and Recommendation, I will assume that Plaintiff intended for Count V to apply to all Defendants.

During the time that Mr. Davis was Ms. Batson's guardian, several reports were filed with PBSO. *Id.* Plaintiff also claims that he filed complaints with PBSO about Ms. Savitt—particularly about the scheme he believed existed between Ms. Savitt and Judge Colin. ECF No. 40 ¶¶ 66–69.

Regarding Defendant PBC in particular, Plaintiff alleges that PBC failed to abide by its own policy to prevent conflicts of interest and ensure elected and appointed officials abide by the Code of Ethics by allowing Ms. Savitt to "collu[de] with judges and lawyers in Delray Beach for financial gain." *Id.* ¶¶ 88–89. Plaintiff includes in his FAC fragmented quotes from the inspector general report discussing the relationship between Ms. Savitt and Judge Colin. *Id.* ¶¶ 89–95. The report includes findings that there was a conflict of interest with Ms. Savitt providing guardian services while her husband was a presiding judge in the same division. *Id.* ¶ 95. Plaintiff alleges that he made several reports to the PBC Clerk's Office and PBSO to investigate Judge Colin and Ms. Savitt, but they failed to act, making them "deliberately indifferent to the due process and Constitutional rights and liberties of Plaintiff Hoti." *Id.* ¶¶ 98–99.

Plaintiff hired attorney/Defendant David M. Garten to represent him in an action against Judge Colin and Ms. Savitt. *Id.* ¶¶ 74–82. Plaintiff claimed that Mr. Garten and his associates/law firm exhibited fraudulent billing practices and refused to pay a portion of the outstanding legal fees. *Id.* Defendant Garten obtained a judgment against Plaintiff for those fees. *Id.* ¶ 105.

Bank of America also obtained a default judgment against Plaintiff on his "primary homestead property mortgage." *Id.* ¶ 108. Plaintiff hired attorney Thomas Dougherty to represent him in the action against Bank of America, but he "failed to exercise the ordinary reasonable care and skill of an attorney" and "specifically failed to take certain action on Plaintiff's behalf" in the Bank of America foreclosure action. *Id.* ¶¶ 109, 112.

MLG represented Bank of America in the lawsuit against Plaintiff. *Id.* ¶ 119. Regarding MLG specifically, Plaintiff alleges that the MLG attorneys violated his due process rights by working in concert with other Defendants to deliberately proceed to a fraudulent trial against Plaintiff, despite the fact that they knew Mr. Dougherty had never filed a Notice of Appearance on Plaintiff's behalf. *Id.* ¶ 120.

Thereafter, Plaintiff hired attorney Robert Cook and his firm to represent him, however, Plaintiff was also unsatisfied with their services. *Id.* ¶¶ 122–23, 125. Ultimately, Bank of America foreclosed on Plaintiff's property. Plaintiff alleges that the buyers of the property and their attorneys (also named Defendants in this action) knew and should have known of the fraudulent court proceedings used to proceed with foreclosure. *Id.* ¶ 124. Plaintiff brought an action to Quiet Title and for Negligence against Bank of America in state court. *Id.* ¶ 125. A separate law firm, not MLG, represented Bank of America in that proceeding. *Id.* ¶ 128.

Plaintiff also includes in the FAC accusations that the judges assigned to his various cases, including his bankruptcy case, were intentionally switched and reassigned many times as part of the ongoing scheme against him. *Id.* ¶¶ 104, 131.

Plaintiff alleges economic damages, damage to credit, and physical damage from stress and mental health suffering. *Id.* ¶¶ 135–36.

Defendants PBSO, MLG, and PBC filed respective Motions to Dismiss arguing for various reasons that Plaintiff's FAC should be dismissed with prejudice. PBSO argues in its Motion to Dismiss (ECF No. 41) that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the FAC should be dismissed for the following reasons: (1) the FAC does not meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) because it is a shotgun pleading; (2) as to Count I, Plaintiff did not plead facts sufficient to support a *Monell* claim; (3) as to Count II, Plaintiff did not plead facts sufficient to establish the elements for a failure to train claim established in *Battiste v. Sheriff of Broward Cnty.*, 261 F. App'x 199, 202 (11th Cir. 2008); (4) as to Counts III and VI, Plaintiff did not allege facts to support the claim that a PBSO employee committed a tortious act against Plaintiff as is required by Florida Statute § 768.28(1); (5) as to Count V, the shotgun style of the pleading makes it impossible to determine which facts Plaintiff attributes to PBSO to allow him to seek equitable relief; (6) the suit was not filed against the sheriff either personally or in his official capacity, as is required by Florida Statute § 768.28(9)(a); and finally (7) any claims brought against PBSO for negligence and tortious conduct are barred by Sovereign Immunity because Plaintiff failed to comply with the pre-suit notice requirement of Florida Statue § 768.28.

Plaintiff's Response (ECF No. 51) argues that (1) any defects in the FAC can be ameliorated if the Court allows a second amended pleading; (2) PBSO should be

moving for a more definite statement under Federal Rule of Civil Procedure 12(e), not moving to dismiss the complaint with prejudice; (3) Plaintiff intended to name as a defendant Sheriff Bradshaw in his official capacity, not PBSO; (4) Plaintiff was under the impression that his previous attorney gave proper notice in accordance with Florida Statue § 768.28; (5) as to Count I, the FAC alleges sufficient fact to support a *Monell* claim because this case is akin to *Brown v. City of Margate*, 842 F. Supp. 515, 520 (S.D. Fla. 1993); and (6) as to Count II, the FAC alleges sufficient facts to support a claim for failure to train.

MLG argues in its 12(b)(6) Motion to Dismiss (ECF No. 43) that the FAC should be dismissed with prejudice for the failure to state a cause of action upon which relief can be granted. MLG argues that (1) the FAC is a shotgun pleading; (2) Count I should be dismissed as to MLG because it is a law firm, not a state actor and Plaintiff has not alleged any of the elements of *Rayburn*; (3) Counts III and VI should be dismissed because the FAC does not sufficiently plead any of the four elements of a negligence claim;  (4) Count V should be dismissed because "legal and equitable relief" is a remedy, not a cause of action; and (5) even if Plaintiff could cure these defects, Florida's litigation privilege protects MLG from liability.

Plaintiff argues in his Response (ECF No. 54) that (1) any defects in the FAC can be cured by amendment; (2) MLG should be considered a state actor for purposes of Count I because, as was the case in "*Harvey v. Harvey* 11th Circuit case,"  MLG was a "willful participant" acting in concert with a judge;[4]  and (3) the litigation privilege

---

[4] Although not cited, the Court will assume that Plaintiff is referring to the case of *Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992).

does not apply to claims under 42 U.S.C. § 1983 or fraudulent misconduct claims and is an argument that should be reserved for summary judgment according to *American National Title & Escrow of Florida, Inc. v. Guarantee Title & Tr. Co.*, 810 So. 2d 996, 998 (Fla. 4th Dist. Ct. App. 2002).

PBC argues in its Motion to Dismiss that pursuant to Federal Rule of Civil Procedure 12(b)(5)–(6), the FAC should be dismissed with prejudice for the following reasons: (1) Plaintiff's 42 U.S.C. § 1983 claim is barred by res judicata because Judge Middlebrooks granted PBC's Motion to Dismiss the Amended Complaint with Prejudice in *Hoti v. Barkley Master Ass'n, Inc.*, No. 9:18-CV-80484-Middlebrooks/Brannon ("Barkley case"); (2) PBC has no control of nor does it employ, supervise, discipline, or fund state court judges or professional guardians and therefore cannot be held liable for the actions of those individuals; (3) the FAC fails to state a cause of action as to Count I because it does not allege facts sufficient to establish what deprivations of due process Plaintiff experienced at the hands of PBC; (4) the FAC fails to state a cause of action as to Count II because it does not include facts sufficient to establish the *Battiste* elements for a failure to train claim; (5) the FAC fails to state a cause of action as to Counts III and VI because it does not allege the elements of a negligence claim; (6) the FAC fails to state a cause of action as to Count V because equitable relief is a remedy, not a cause of action; (7) any claims brought against PBC tortious conduct are barred by Sovereign Immunity because Plaintiff failed to comply with the pre-suit notice requirement of Florida Statue

§ 768.28; and finally (8) PBC was never properly served in the *Graten* case and did not waive service.

Plaintiff argues in his Response (ECF No. 58) that (1) any defects in the FAC can be cured by amendment; (2) PBC waived service in the *Graten* case by filing a notice of appearance and the *Graten* case was consolidated with this case in December 2020; (3) res judicata does not apply here because (a) the parties here are different from the parties in the *Barkley* case, (b) the FAC alleges new facts that were not considered by Judge Middlebrooks in his Order Granting PBC's Motion to Dismiss, (c) Judge Middlebrooks was wrong in deciding to dismiss the case, and (d) Judge Middlebrooks did not dismiss the case entirely as he allowed Plaintiff to file a second amended complaint as to the County Clerk and PBSO.

## LEGAL STANDARDS

### 1. Rule 8 and Shotgun Pleadings

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). "The defining defect in shotgun pleadings is . . . the net effect that it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Craighead v. Austal USA, LLC*, No. 17-0445-WS-MU, 2017 WL 6559917, at *2 (S.D. Ala. Dec. 21, 2017) (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996));

*see also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015) ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

Where a complaint contains only threadbare recitals, courts should refrain from "rewrit[ing] an otherwise deficient pleading in order to sustain an action." *Moskovits v. Aldridge Pite, LLP,* 677 F. App'x 510, 519 (11th Cir. 2017) (quotations omitted). "[T]he Court cannot be forced to speculate on what someone is complaining about." *Shillingford v. Rolly Marine Serv., Inc.*, No. 14-CIV-61936, 2014 WL 6682477, at *2 (S.D. Fla. Nov. 25, 2014) (J. Bloom) (internal quotations omitted). The court cannot simply "fill in the blanks" to state a claim, and "it is not the Court's duty to search through a plaintiff's filings to find or construct a pleading that satisfies Rule 8." *Id.* (quotations omitted); *Richardson v. Route 1, Inc.,* No. 8:12-CV-2888-T-33TBM,

2013 WL 4055857, at *4 (M.D. Fla. Aug. 12, 2013) ("This Court is not duty-bound to scrutinize factual allegations and hypothesize as to what potential cause of action these facts might support.").

2.   Rule 12(b)(6)

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pleaded factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570.

When evaluating a motion to dismiss under Rule 12(b)(6):

[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U.S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a

11

presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

**DISCUSSION**

In light of Plaintiff's *pro se* status, I construe the allegations in the FAC liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . .'") (internal citations omitted); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). This liberal construction, however, "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. City of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662.

## I.   **Shotgun Pleading**

The FAC is problematic for several reasons. First, it is a shotgun pleading because each Count incorporates all of the predecessor counts. *See, e.g.*, ECF No. 40 ¶¶ 138, 140, 142, 144, 146, 148, 149. *Weiland*, 792 F.3d at 1321. ("The most common type [of improper shotgun pleadings]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."); *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018) (dismissing as shotgun pleading complaint that incorporated 123 factual allegations into every count).

12

For that reason alone, the FAC should be dismissed. Then, the next question is whether Plaintiff should be granted leave to amend the complaint a second time. In general, a plaintiff must be given at least one opportunity to amend a complaint. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). This is especially true for *pro se* litigations. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) ("Our cases make clear that 'a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice . . . .'" (alteration in original)). "After a plaintiff's first opportunity to amend, leave for additional amendments may be denied because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previous allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.'" *In Re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924-RLR, 2021 WL 2865869, at * 23 (S.D. Fla. July 8, 2021) (J. Rosenberg) (citing *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005)). Judge Rosenberg gave Plaintiff his first chance to amend the complaint. ECF No. 33. For the reasons discussed below, Plaintiff should be allowed one final opportunity to amend his complaint only as to Count I against PBSO. For this claim alone, PBSO has not demonstrated that amendment would be futile.

To assist Plaintiff in correcting the problems with the FAC specifically regarding the shotgun pleading issue, the Court provides the following guidance. The Second Amended Complaint can incorporate *facts* into multiple counts, but it should not incorporate multiple *causes of action* into a single count. For example, the existing

FAC could have incorporated paragraphs 1–125 into every Count without converting it into a shotgun pleading.

## II.   **Defendant PBC**

Plaintiff has brought five claims against PBC: a 42 U.S.C. § 1983 claim for violations of the Due Process Clause (Count I), a claim for deliberate indifference and failure to train (Count II), two claims for negligence and negligent interference (Counts III and VI), and a claim for equitable relief (Count V). PBC's Motion to Dismiss argues that all five counts brought against them should be dismissed with prejudice. I agree and find that PBC's Motion to Dismiss should be granted for the following reasons.

### 1. **Count I**

Plaintiff's 42 U.S.C. § 1983 claim against PBC for violations of the Due Process Clause should be denied with prejudice because it is barred by claim preclusion. "A subsequent suit is barred under the doctrine of claim preclusion when the following four elements are present: (1) there is a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction; (3) the same cause of action is involved in both cases; and (4) the parties, or those in privity with them, are identical in both suits." *Baloco v. Drummond Co.*, 767 F.3d 1229, 1246 (11th Cir. 2014). To determine whether the case asserts the same cause of action, the court looks to whether the case

> [a]rises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or cause of action' for purposes of res judicata." In addition, '[r]es judicata applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising

out of the same nucleus of operative fact [which could have been raised in the prior case.]

*Id.* at 1247 (internal citations omitted). In the Barkley case, Plaintiff raised claims against similar defendants, including PBC.[5] One of the claims Plaintiff brought against PBC specifically was a 42 U.S.C. § 1983 claim for violations of the Due Process Clause based on the same set of facts as those alleged here. *See* ECF No. 53-2 at 6–7. Judge Middlebrooks dismissed that cause of action with prejudice stating:

> Insofar as Plaintiff alleges that his constitutional rights were violated by [PBC]'s inaction when presented with his complaints regarding Judge Colin's conduct, Plaintiff fails to state a claim under § 1983. Plaintiff has not alleged, plausibly or otherwise, that he was harmed as a result of [PBC]'s inaction pursuant to an "unofficial municipal policy." *Monell*, 436 U.S. at 691. Plaintiff argues that only minimal factual allegations should be required at the motion to dismiss stage, but pleadings "that are no more than conclusion[], such as Plaintiff's, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678. *See also Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (affirming dismissal

---

[5] PBC requests this Court take judicial notice of Exhibits A–E attached to its motion. ECF No. 53 at 8–9. Plaintiff did not object in his Response. Exhibits A–E are filings from the Barkley case. Even in consideration of a Motion to Dismiss, the Court may take judicial notice of a complaint and other filings in the public docket because "such documents [in the public record], are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Davis v. Williams Comm's, Inc.*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (citing *Bryant v. Avado Brands Inc.*, 187 F.3d 1271, 1279–80 (11th Cir. 1999). *See also Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892–93 (11th Cir. 2013) (comparing complaints from two separate cases to determine whether the same facts were involved for purposes of *res judicata* and ultimately affirming district court's dismissal under Rule 12(b)(6)); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1184–85 (11th Cir.2003) (affirming district court's dismissal on grounds of *res judicata* under Rule 12(b)(6)); *Karauser v. Evollution IP Holdings, Inc.*, 975 F. Supp. 2d 1247, 1251–52 (S.D. Fla. 2013) (J. Marra) (taking judicial notice of the pleadings and documents in [plaintiff's] first case before the Court as public records). Thus, I will take judicial notice of Exhibits A–E attached to ECF No. 53. They will, however, be referred to in this motion by their corresponding numerical label, not alphabetical label (i.e., Exhibit A will be Exhibit 1 or ECF No. 53-1).

of deliberate indifference claims). Accordingly, Plaintiff s claims against [PBC] under 42 U.S.C. § 1983 shall be dismissed with prejudice.

*Id.* at 8.

Judge Middlebrooks' decision and subsequent dismissal of this count against PBC qualifies as a final judgment on the merits rendered by a court of competent jurisdiction, thus satisfying the first two elements of claim preclusion. The third element is also satisfied here. Although it is true that *res judicata* does not apply where the facts giving rise to the second case only "arise after the original pleading is filed in the earlier litigation," *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992), that is not the case here. Plaintiff argues that the FAC presents new facts that were not considered by Judge Middlebrooks in the Barkley case.[6] ECF No. 58 ¶ 12–15. What he fails to address is the fact that these "new facts," such as the Inspector General's Report and Palm Beach Post articles, were readily available to him when the Barkley case was filed. Claim preclusion bars a plaintiff from "relitigating matters that were or *could have been* litigated in an earlier suit." *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010) (emphasis added). Put another way, Plaintiff does not get a second bite at the apple simply because he has found better facts and evidence when those facts and evidence were available to him when he first brought a case.

---

[6] For example, Plaintiff argues that here he included facts related to the County's personal knowledge of the relationship between Judge Colin and Betsy Savitt as well as the County's obligations under its own Conflict of Interest codes. ECF No. 53 ¶¶ 18, 22. While it may be true that these facts are new to this FAC, Plaintiff does not argue that these facts are being added now because they were not available to him when he filed the Barkley case and thus could not have been raised then.

Furthermore, in reviewing the FAC and attachments, it is clear that Plaintiff's 42 U.S.C. § 1983 claim is based on the same "nucleus of operative facts." *Crane v. Sec'y of Lab.*, 683 Fed. App'x 813, 818 (11th Cir. 2017). Not only are the facts pleaded in the FAC and the Amended Complaint in the Barkley Case (ECF No. 53-1, "Barkley Amended Complaint") nearly identical, but the overall basis of Plaintiff's claims is the same.

Plaintiff argues that his case is akin to *In Re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). ECF No. 58 ¶ 14. I disagree. In *Piper*, the issue was whether claims already decided by the bankruptcy court, precluded plaintiff from bringing state court claims based on events arising from the bankruptcy proceedings. The Court of Appeals for the Eleventh Circuit held that res judicata did not apply because

> the facts at the core of Kaiser's state court suit were neither raised nor litigated in the Chapter 11 proceeding. The bankruptcy court did not purport to rule on whether Teledyne breached any contractual or fiduciary duty to Kaiser, and neither party introduced any evidence regarding those alleged breaches, or the facts relating to the breakdown of the Kaiser–Teledyne relationship . . . There is simply no indication in the record that the facts put at issue by Kaiser's state court suit were raised or litigated before the bankruptcy court; indeed, both parties for their own strategic reasons purposefully avoided raising those facts during the Chapter 11 case.

*In Re Piper Aircraft Corp*, 244 F.3d at 1297. That is simply not the case here. The facts included in the Barkley Amended Complaint, and therefore at issue in the Motion to Dismiss that Judge Middlebrooks granted, were raised and litigated before Judge Middlebrooks. Thus, I find that element three is satisfied because Plaintiff's

42 U.S.C. § 1983 claim arises from the same "nucleus of operative facts." *See Baloco*, 767 F.3d at 1247.

Plaintiff argues that the fourth requirement for claim preclusion is not satisfied because "[i]n this case it is clear that the parties are not the same as David Garten, Betsy Savitt, the Marinosci law firm, Bank of America and other Defendants were not a part of the Barkley case[.]" Plaintiff has already raised this exact claim against Defendant PBC. Thus, these two parties "'have had a full and fair opportunity to litigate' between themselves," which is exactly what claim preclusion is aimed at preventing. *Shurick*, 623 F.3d at 1117 (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). The addition of Mr. Garten, Ms. Savitt, MLG, Bank of America, or other Defendants does not change the fact that Plaintiff has already had a full and fair opportunity to litigate this claim against PBC.

Because the four requirements of claim preclusion are met, I find that *res judicata* applies to Plaintiff's 42 U.S.C. § 1983 claim against PBC and therefore, Count I of the FAC should be DISMISSED WITH PREJUDICE as to PBC.

## 2. Counts II, III, and VI

PBC argues that Counts II, III, and VI should be summarily dismissed with prejudice due to Plaintiff's failure to comply with the pre-suit notice requirement of Florida Statute § 768.28(6)(a). ECF No. 53 at 18–20. Plaintiff did not respond to this argument in his Response. *See generally* ECF No. 58. As Judge Middlebrooks stated in his Order on PBC's Motion to Dismiss the Barkley Amended Complaint,

Florida law contains a limited waiver of sovereign immunity from tort actions. Among the limitations is a pre-suit notice requirement: "An

18

> action may not be instituted on a claim against the state or one of its
> agencies or subdivisions unless the claimant presents the claim in
> writing to the appropriate agency, and also, except as to any claim
> against a municipality, county, or the Florida Space Authority, presents
> such claim in writing to the Department of Financial Services, within 3
> years after such claim accrues and the Department of Financial Services
> or the appropriate agency denies the claim in writing . . . ."

ECF No. 53-2, n.3. A complaint must allege compliance with this requirement. *Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988). A complaint that fails to include such an allegation is subject to dismissal for failure to state a claim. *Id.* at 91. "A complaint is subject to dismissal *with prejudice* if the three-year period has run and the plaintiff has not provided the required pre-suit notice." *Perkins v. City of Jacksonville Beach*, No. 3:06-cv-486-J-33MCR, 2007 WL 1796269, at *2 (M.D. Fla. June 21, 2007) (emphasis added) (citing *Levine v. Dade Cnty. Sch. Bd.*, 442 So. 2d 210, 213 (Fla. 1983) ("Where the time for [the required] notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with prejudice.")).

The FAC does not allege compliance with the pre-suit notice requirement. And, according to the FAC, Plaintiff's claims arose from 2012–2015. Therefore, at the very latest, he had until 2018 to provide PBC proper notice. It is too late now for Plaintiff to secure a waiver of sovereign immunity. Given that Plaintiff has failed to satisfy the pre-suit notice requirement of Florida Statute § 768.28(6)(a) and cannot do so at this late stage, Counts II, III, and VI are barred by sovereign immunity. Accordingly,

Counts II, III, and VI of the FAC should be DISMISSED WITH PREJUDICE as to PBC.[7]

### 3. Count V

Count V of the FAC seeks "equitable and legal relief in relation to the subject properties in the nature of removing all false liens, judgments and other wrongful encumbrances caused by Defendants and clearing legal . . . ." PBC argues that Count V should be dismissed as it is a remedy, not a cause of action. ECF No. 53 at 18. Plaintiff did not respond to this argument in his Response. Equitable relief is a type of relief that Plaintiff may be afforded if his claims are successful. However, should the Court adopt this report and recommendation and dismiss the claims against PBC, then Plaintiff will have no basis on which to seek equitable relief from PBC. Therefore, Count V of the FAC should be DISMISSED WITH PREJUDICE as to PBC. However, this does not preclude Plaintiff from seeking equitable relief as a remedy for the remaining claims against the remaining Defendants.

### III.   **Defendant PBSO**[8]

Plaintiff has brought five claims against PBSO: a 42 U.S.C. § 1983 claim for violations of the Due Process Clause (Count I), a claim for deliberate indifference and

---

[7] Because these claims are barred from being brought against PBC on procedural grounds, I need not decide whether they should also be dismissed with or without prejudice for failure to state a claim.

[8] PBSO correctly notes that the sheriff's office is not a legal entity that can be sued as a whole. A plaintiff must sue the sheriff either personally or in his official capacity. § 768.28(9)(a). Plaintiff did not do so but argues in his Response that this was an unintentional error that can be easily corrected if he is allowed to amend the FAC. ECF No. 51 ¶ 13. Should amendment be allowed, Plaintiff is hereby put on notice that

failure to train (Count II), two claims for negligence and negligent interference (Counts III and VI), and a claim for equitable relief (Count V). PBSO's Motion to Dismiss (ECF No. 41) argues that all five claims brought against them should be dismissed with prejudice.

### 1. Count I

PBSO argues that Count I should be dismissed because Plaintiff has not plead facts sufficient to support a *Monell* claim. A municipality or other local government may be liable under § 1983 if the governmental body itself "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978). A plaintiff may only hold a local-government entity liable under § 1983 for its own illegal acts; injuries caused solely by its employees are not attributable to the government entity. *Id.* at 665–83. Hence, a plaintiff must prove that "action pursuant to official municipal policy" caused his injury. *Id.* at 691. That is the essence of a *Monell* claim. The elements necessary to plead in order to state a cause of action for a *Monell* claim are: (1) Plaintiff's constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to that constitutional right, and (3) the policy or custom caused the violation." *Guerra v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 893 (11th Cir. 2016).

Regarding element two specifically, a "[m]unicipal policy or custom may include a failure to provide adequate training if the deficiency 'evidences a deliberate

---

he should specifically name Sheriff Bradshaw either personally or in his official capacity.

indifference to the rights of its inhabitants.'" *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1293 (11th Cir. 2009) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 410 (1997).

> In order to establish deliberate indifference, the "plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Lewis*, 561 F.3d at 1293 (internal quotation omitted). A municipality may be put on notice if either (1) the municipality is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, or (2) the likelihood for a constitutional violation is so high that the need for training would be obvious. *Id*.

*Hoti v. Barkley Master Assoc., Inc.*, No. 18-cv-80484, 2019 WL 11660558, at *4 (S.D. Fla. Mar. 26, 2019) (J. Middlebrooks).

The FAC alleges that PBSO has "a pattern, practice, municipal policy and custom of using the machinery of government to target individuals and apply the laws and powers of government in violation of due process and equal protection of the laws in favor of state actor political office holders and former office holders." ECF No. 40 ¶ 70. Plaintiff states that he filed multiple complaints with PBSO about Ms. Savitt—particularly about the scheme he believed existed between Ms. Savitt and Judge Colin—and PBSO did not investigate. ECF No. 40 ¶¶ 66, 69.

As an initial matter, I find Judge Middlebrooks' reasoning and holding in the Barkley case regarding Plaintiff's § 1983 claim against PBC to be especially applicable here where the facts presented are almost identical. Here, Plaintiff's

22

allegation that he was harmed by PBSO's failure to act when he lodged complaints against Ms. Savitt and Mr. Collin, does not "plausibly or otherwise" allege that "he was harmed as a result of [PBSO]'s inaction pursuant to an 'official municipal policy'" as *Monell* requires. 436 U.S. at 691.

Plaintiff argues in his Response that PBSO's failure to respond to his complaints even after "all of the investigation" shown in the Inspector General's Report demonstrates a failure to train, and that his case is akin to *Brown v. City of Margate*, 842 F. Supp. 515, 520 (S.D. Fla. 1993) (J. Hoeveler). ECF No. 51 ¶¶ 31–32. Plaintiff's reliance on *Monell* is unavailing. In *Brown*, the court, in ruling on the city's post-trial motion for JNOV, found that three other incidents of police brutality, "combined with other evidence presented," was sufficient to create a jury question as to unofficial policy of deliberate indifference and a failure to train demonstrating that deliberate indifference. *Id.* at 518. First, of important note is the fact that the standard for granting a post-trial motion for JNOV differs greatly from the standard for granting a motion to dismiss. But even putting that aside, here the FAC notes that Plaintiff filed "multiple complaints" with PBSO about Ms. Savitt, but presents no *other evidence* demonstrating how PBSO had a "custom or policy" that constituted deliberate indifference to Plaintiff's constitutional rights. Insofar as Plaintiff alleged a failure to train, he did not allege facts supporting a plausible inference either that PBSO "was on notice beforehand of a need to train in this area, or that PBSO "made a deliberate choice not to do so." *Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (affirming dismissal of deliberate indifference claims against Hillsborough County)

(citing *Twombly*, 550 U.S. at 555 and *Lewis*, 561 F.3d at 1293). Ultimately, the FAC does not present sufficient facts to allege that PBSO failed to train its employees to handle recurring situations presenting an obvious potential for a violation of federal rights. As it stands, the FAC contains allegations "that are no more than conclusions . . . not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678. Therefore, I find that Count I of the FAC fails to state a claim as to PBSO and PBSO's Motion to Dismiss should be GRANTED.

Although Plaintiff has already been granted one opportunity to amend his complaint, given that he is *pro se* and PBSO has not demonstrated either (1) undue delay, bad faith or dilatory motive on the part of Plaintiff, (2) repeated failures to cure deficiencies by amendments previously allowed, (3) undue prejudice to PBSO, or (4) futility of amendment, Plaintiff should be allowed one final opportunity to amend the FAC and cure its defects as to Count I against PBSO only.[9] Thus, Count I should be DISMISSED WITHOUT PREJUDICE as to PBSO.

### 2. Count II, III and VI

As with PBC, Counts II, III, and VI against PBSO should be summarily dismissed with prejudice due to Plaintiff's failure to comply with the pre-suit notice requirement of Florida Statute § 768.28(6)(a). In Response to this defect, Plaintiff

---

[9] PBSO argues that Plaintiff has demonstrated that amendment would be futile because the FAC is hardly different from his Original Complaint and still provides little to no information about what PBSO did wrong. ECF No. 55 at 2. Although I agree with PBSO that the FAC is not a great improvement on the Original Complaint, I do not think this demonstrates Plaintiff's inability to validly plead a cause of action as to Count I against PBSO. Plaintiff's opportunity to amend the Original Complaint was not given after Plaintiff had the benefit of being told by the Court specifically where the defects lie.

states that he "thought [his] attorney had contacted the Defendants about this before when this Case was just being re-opened but have to check this." ECF No. 51 ¶ 13. The FAC does not allege compliance with the pre-suit notice requirement as to PBSO. And, according to the FAC, Plaintiff's claims arose from 2012–2015. Therefore, as with PBC, at the very latest, he had until 2018 to provide PBSO proper notice. It is too late now for Plaintiff to secure a waiver of sovereign immunity. For the reasons more thoroughly explained above, given that Plaintiff has failed to satisfy the pre-suit notice requirement of Florida Statute § 768.28(6)(a) and cannot do so at this late stage, Counts II, III, and VI are barred by sovereign immunity and should be DISMISSED WITH PREJUDICE as to PSBO.[10]

### 3. Count V

PBSO argues that Count V should be dismissed because the shotgun style pleading "hinders PBSO's ability to determine what actions it is claimed to have done that would allow Plaintiff to seek Equitable Relief." ECF No. 41 at 9. As previously discussed, the FAC is a shotgun pleading and PBSO's Motion to Dismiss should be GRANTED as to Count V on those grounds. However, should the District Court adopt my recommendation that Plaintiff be given one final opportunity to amend the FAC and cure defects as to Count I, equitable relief will still be on the table for Plaintiff. And, given that PBSO has not demonstrated either (1) undue delay, bad faith or dilatory motive on the part of Plaintiff, (2) repeated failures to cure deficiencies by

---

[10] Because these claims are barred from being brought against PBSO on procedural grounds, I need not decide whether they should also be dismissed with or without prejudice for failure to state a claim.

amendments previously allowed, (3) undue prejudice to PBSO, or (4) futility of amending Count V, Plaintiff should be allowed one final opportunity to amend Count V of the FAC so that it comports with Federal Rule of Civil Procedure 8(a). Therefore, Count V of the FAC should be DISMISSED WITHOUT PREJUDICE as to PBSO.

## IV.  **Defendant MLG**

Plaintiff has brought four claims against MLG: a 42 U.S.C. § 1983 claim for violations of the Due Process Clause (Count I), two claims for negligence and negligent interference (Counts III and VI), and a claim for equitable relief (Count V). MLG's Motion to Dismiss (ECF No. 43) argues that all four counts against them should be dismissed with prejudice. I agree and find that MLG's Motion to Dismiss should be granted for the following reasons.

### 1. **Count I**

MLG argues that Plaintiff's 42 U.S.C. § 1983 claim should be dismissed because MLG is a private law firm, not a state actor, and the FAC fails to allege facts sufficient to support application of one of the *Rayburn* exceptions. In *Rayburn v. Hogue*, 241 F.3d 1241 (11th Cir. 2001), the Eleventh Circuit held that a private party will only be considered a state actor for purposes of a § 1983 claim if one of the following three conditions is met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

*Rayburn*, 241 F.3d at 1347 (citing *NBC, Inc. v. Commc'n Workers of Am.*, 860 F.2d 1022, 1026–27 (11th Cir. 1988)). The FAC does not explicitly allege any of these conditions. It merely states that MLG acted "in concert" with Judge Peter Blanc to allow "false and fraudulent state court proceedings to go forward to a false and fraudulent trial" (ECF No. 40 ¶ 120). In Plaintiff's Response, he also argues that MLG was working in concert with Bank of America and Plaintiff's attorney at the time, Mr. Dougherty, to foreclose on Plaintiff's "Faton Kirti property" and to perpetuate a "clear fraud on the court." ECF No. 54 ¶¶ 127–29. Plaintiff argues that these actions transform MLG into a state actor because MLG conspired with alleged state actors and was a "willful participant" in the scheme against him. *Id.* ¶ 129 (citing *Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992)). Although it is unclear which of the three *Rayburn* conditions Plaintiff argues is present here, I will nevertheless address his arguments.

In *Harvey*, the Plaintiff brought a § 1983 claim against her husband, doctor, and private hospital claiming that they conspired to involuntarily commit her. The Court of Appeals for the Eleventh Circuit affirmed the District Court's order granting defendants motion to dismiss the § 1983 claim reasoning

> Mrs. Harvey also argues that Dr. Hunter and Mr. Harvey were transformed into state actors because they conspired with alleged state actors Charter and Dr. Friedman to have her committed. "[T]o act under color of state law for (Section) 1983 purposes does not require that the Defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L.Ed.2d 185 (1980). This argument fails on two grounds. First, because we find none of the appellees to be state actors, all parties retain their private status; and no state actor exists with whom conspiracy is possible. And second, even

construing the complaint liberally, Mrs. Harvey has failed to plead conspiracy adequately.

For purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). The allegations of Mrs. Harvey's complaint merely string together the discrete steps of the commitment process, without showing contacts between the appellees that could prove private and alleged state actors had "reached an understanding" to violate her rights. *See Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (citations omitted). Therefore, even if one of the appellees actually was a "state actor," Mrs. Harvey's complaint consists of purely conclusory allegations that do not plead conspiracy sufficiently to transform the other appellees into state actors."

*Harvey*, 949 F.2d at 1133. The same circumstances exist here. First, Plaintiff's allegations that MLG worked in concert with Bank of America and Mr. Dougherty to foreclose on Plaintiff's "Faton Kirti property" necessarily fails because neither Bank of America, a private company, nor Mr. Dougherty, a private attorney, are state actors. Because those two parties retain their private status, the only state actor with whom conspiracy is possible is Judge Blanc. Even construing the FAC liberally, Plaintiff has failed to plead in detail, through reference to material facts, the relationship or nature of the conspiracy between Judge Blanc and MLG. The FAC merely strings together the events that occurred when Bank of America foreclosed on his properties, the legal proceedings that ensued, and the lawsuits Plaintiff filed against his previous attorneys. There are no facts showing contacts between Judge Blanc and MLG that could prove that they had "reached an understanding" to violate Plaintiff's rights. *Id.*

28

Because Plaintiff has failed to plead facts sufficient to qualify MLG as a state actor under one of the three *Rayburn* conditions, Count I of the FAC should be DISMISSED as to MGL. Furthermore, amendment would be futile because I do not find that there are any facts available to Plaintiff that could establish MLG as a state actor under either the state compulsion test, the public function test, or the nexus/joint action test. *Rayburn*, 241 F.3d at 1347. Thus, Count I should be DISMISSED WITH PREJUDICE as to MLG.

### 2. Counts III and VI

Counts III and VI are both claims for negligence and negligent interference.[11] A negligence claim must contain well pled facts to establish the following elements: "(1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to Plaintiff." *Bryan v. Galley Maid Marine Prod., Inc.*, 287 So. 3d 1281, 1285 (Fla. 4th Dist. Ct. App. 2020); *see also Miller By & Through Miller v. Foster*, 686 So. 2d 783, 783 (Fla. 4th Dist. Ct. App. 1997) ("The elements of a negligence cause of action are duty, breach, causation, and damages."). Even viewing all of the facts in the light most favorable to Plaintiff, I do not find that any of these elements are properly alleged. Most notably, I fail to see how Plaintiff could

---

[11] It is also not clear from the FAC what exactly Plaintiff is alleging MLG negligently interfered with. For example, negligent interference with a current business relationship, negligent interference with a prospective business relationship, negligent interference with a contractual relationship, negligent interference with performance of a contract, negligent interference with prospective economic advantage, etc.

allege facts to establish that a law firm representing an opposing party owed him a duty that could then be breached.

However, even if Plaintiff could cure these defects and properly plead the elements of a negligence claim, Florida's litigation privilege protects MLG from liability, thus rendering amendment to the FAC futile. The Florida litigation privilege provides absolute immunity to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior, so long as the act has some relation to the proceeding. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994).

> The rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding. Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.

*Id.* The litigation privilege "applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007). All of Plaintiff's allegations of misconduct against MLG stem from MLG's representation of Bank of America in the foreclosure action against Plaintiff. I find that all of the actions that allegedly give rise to Plaintiff's claims relate to and took place during the course of the prior judicial proceeding in bankruptcy court. Plaintiff does not deny these facts. Plaintiff contends that the litigation privilege is an

affirmative defense which should not be adjudicated at the motion to dismiss phase but is more appropriate for summary judgment. ECF No. 54 ¶¶ 31–32. However, the law in this Circuit is clear regarding Plaintiff's argument: "Florida courts have also made it abundantly clear that any affirmative defense, including the litigation privilege, may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1277 (11th Cir. 2004) (internal quotation marks removed). Here, I find that the FAC affirmatively and clearly establishes that the challenged conduct is related to the prior litigation, and therefore the Florida litigation privilege bars Counts III and VI.[12]

### 3. Count V

Count V of the FAC seeks "equitable and legal relief in relation to the subject properties in the nature of removing all false liens, judgments and other wrongful encumbrances caused by Defendants and clearing legal." MLG argues that Count V should be dismissed because it "is nothing more than a label for potential remedies," not a cause of action. ECF No. 43 at 5. Plaintiff did not respond to this argument in his Response. Equitable relief is a type of relief that Plaintiff may be afforded if his claims are successful. However, should the Court adopt this report and

---

[12] Florida's litigation privilege does not bar Plaintiff's federal claim for due process violations pursuant to 42 U.S.C. § 1983 (Count I). "'A state absolute privilege purporting to confer immunity from suit cannot defeat a federal cause of action.'" *Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1292 (S.D. Fla. 2011) (J. Martinez) (quoting *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998)); *accord Huls v. Llabona*, 437 F. App'x 830, 832 (11th Cir. 2011) (holding that Florida's litigation privilege did not bar § 1983 action).

recommendation and dismiss the claims against MLG, then Plaintiff will have no basis on which to seek equitable relief from MLG. Therefore, Count V of the FAC should be DISMISSED WITH PREJUDICE as to MLG. However, this does not preclude Plaintiff from seeking equitable relief as a remedy for the remaining claims against the remaining Defendants.

## **RECOMMENDATION**

1. PBC's Motion to Dismiss the First Amended Complaint (ECF No. 53) should be **GRANTED**. Counts I–III, V, and VI should be **DISMISED WITH PREJUDICE**.

2. PBSO's Motion to Dismiss the First Amended Complaint (ECF No. 41) should be **GRANTED IN PART AND DENIED IN PART.**

   a. Count I should be **DISMISSED WITHOUT PREJUDICE**. Plaintiff should be granted **one final opportunity to amend the complaint as to Count I against PBSO only**.

   b. Counts II, III, and VI, should be **DISMISSED WITH PREJUDICE.**

   c. Count V should be **DISMISSED WITHOUT PREJUDICE**. Plaintiff should be granted **one final opportunity to amend the complaint as to Count V against PBSO only**.

3. MLG's Motion to Dismiss the First Amended Complaint (ECF No. 43) should be **GRANTED**. Counts I, III, V, and VI should be **DISMISSED WITH PREJUDICE.**

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of

being served with a copy of this Report and Recommendation.  Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 21st day of July, 2021, at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE