UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80657-ROSENBERG/REINHART

SKENDER HOTI,

    Plaintiff,

v.

BANK OF AMERICA, N.A.
et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO
AMEND COMPLAINT AND TO PROVIDE PROOF OF SERVICE**

This matter is before the Court upon Plaintiff Skender Hoti's filing at docket entry 76, which the Court construes as a Motion for Extension of Time to (1) serve Defendants David M. Garten, Walton Lantaff Schroeder & Carson, LLP, Deborah Fitzgerald, Kelly Voght, Martin M. Colin, Betsy Savitt, John & Jane Doe defendants, Bank of America, N.A., The Liebler, Gonzalez & Portundo law firm, Berit Griffin, Ricardo Clerge-Apollon, Palmaseca Holding Inc. and Taxus LLC, Mejia Shehadeh Giannamore, PLLC, Juan G. Mejia, Thomas Dougherty, and Robert B. Cook (the "Unserved Defendants") and (2) file his Second Amended Complaint. The Court has considered the response to the Motion filed at docket entry 78 and Plaintiff's reply at docket entry 79. For the reasons set forth below, Plaintiff is GRANTED additional time to amend his complaint but DENIED additional time to serve the Unserved Defendants. Plaintiff has until September 6, 2021, to file his Second Amended Complaint.

    **1. Motion for Extension of Time to Serve Unserved Defendants**

Federal Rule of Civil Procedure 4(m) provides that a plaintiff has 90 days after the

complaint is filed to serve any named defendant. Fed. R. Civ. P. 4(m). If plaintiff fails to serve process in that time, the court may dismiss the action against any unserved defendant without prejudice. *Id.* A plaintiff's failure to timely perfect service of process may be excused if the plaintiff shows "good cause" for his failure to serve, and the court must extend the time for service for "an appropriate period." *Id.* A plaintiff bears the burden of demonstrating good cause. *Durgin v. Mon*, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009). A showing of good cause must include evidence that plaintiff "(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." *Id.* Courts have found good cause under Rule 4(m) "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Thompson v. U.S. Dep't of Homeland Sec.*, 134 F. App'x 420, 422 (11th Cir. 2005) (citing *Prisco v. Frank*, 929 F.3d 603, 604 (11th Cir. 1991)) (internal quotations omitted).

      Plaintiff filed his Amended Complaint on January 27, 2021. DE 40. On February 11, 2021, the Court advised Plaintiff that because he raised claims against new Defendants, "Plaintiff must serve each Defendant listed in his Amended Complaint per Rule 4 of the Federal Rules of Civil Procedure and file Proof of Service." DE 44. The 90-day window prescribed in Federal Rule of Civil Procedure 4(m) elapsed on April 27, 2021. DE 72. Plaintiff failed to file proper proof of service of process by this date, and he also failed to ask for an extension of time. Although Plaintiff filed a "Notice of Filing Summons(es)" at docket entry 52 on March 4, 2021, the notice was inadequate because the documents therein were unsigned and because Plaintiff, as a party to the action, is prohibited by the Federal Rules of Civil Procedure from serving the summons and

complaint himself. Fed. R. Civ. P. 4(c)(2).[1] The Court informed Plaintiff on August 3, 2021, that the notice was inadequate. DE 72. The Court *sua sponte* granted Plaintiff an additional 14 days to provide proof of service of process. DE 72. With the *sua sponte* extension, Plaintiff had a total extension of 112 days to effect service of process and file proof of service, bringing the total time Plaintiff had to perfect service to 202 days. The final deadline to serve defendants named in the Amended Complaint expired on August 17, 2021.

On August 17, 2021, Plaintiff filed the Motion for Extension of Time that is the subject of this Order. In the Motion, Plaintiff petitions the Court for more time to effect service of process on "good cause" grounds. DE 76. Plaintiff bears the burden of demonstrating good cause. *Durgin*, 659 F. Supp. 2d at 1258. To establish good cause, the moving party must provide evidence that he "(1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." *Id.* To support his claim for good cause, Plaintiff provided a doctor's note, dated August 12, 2021, representing that "Mr. Hoti is going through multiple medical problems with his prostate and stomach plus extreme stress and is thus unable to complete the paperwork regarding the bankruptcy for at least the next 6 weeks." DE 76 at 12 (Exhibit A). Although Plaintiff's medical conditions are certainly regrettable, Plaintiff fails to explain why he was unable to properly effect service of process in the nearly seven-month period between January 27, 2021, when the Amended Complaint was filed, and the August 17 deadline. The doctor's note attached to Plaintiff's Motion is dated August 12, 2021, and discusses

---

[1] Even though the Plaintiff is proceeding *pro se*, he is still expected to comply with the Federal Rules of Civil Procedure. *See, e.g.*, *Shuler v. Fla. Dep't of Corr.*, No. 18-CV-14027, 2018 WL 11273633, at *1 (S.D. Fla. Mar. 2, 2018) (holding that a pro se plaintiff must comply with the Federal Rules of Civil Procedure governing pleading standards); *Wright v. Potter*, No. CIV.A. 07-758-FJP-DL, 2008 WL 2858815, at *3 (M.D. La. July 22, 2008) (noting that "a pro se plaintiff's lack of knowledge of the rules for proper service does not constitute 'good cause' for failure to perfect service").

his incapacity with respect to subsequent weeks. *Id.* Before this point, Plaintiff has not apprised the Court of any physical afflictions that may have interfered with his ability to comply with court deadlines and Rule 4(m).

In his Motion, Plaintiff also contends that the Clerk's Office was unduly slow in issuing the summonses Plaintiff filed on March 4, 2021 [DE 52] and that as of March 25, 2021, he had not been apprised of any defects in the Summonses filed [DE 58 at 2]. Plaintiff fails to explain how the Clerk's Office's alleged delay in March prevented him from properly filing service of process over the course of 202 days.

Furthermore, Plaintiff is familiar with litigation and the need to serve Defendants. In *Hoti v. Barkley Master Association, Inc.*, 9:18-cv-80484-DMM (S.D. Fla.), Plaintiff served five defendants.[2] Plaintiff's failure to serve the Unserved Defendants in the nearly seven-month period between January and August is inexcusable, even in light of any recent medical developments. The Court declines to exercise its discretion to extend the time of service any longer, considering the extended length of time during which Plaintiff had to properly effect service of process and the *sua sponte* extension granted on August 3, 2021. DE 72. The Unserved Defendants are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**2. Motion for Extension of Time to filed Second Amended Complaint**

The Plaintiff's Amended Complaint was originally due on January 4, 2021. DE 33. On January 7, this Court noted that Plaintiff failed to comply with the January 4, 2021 deadline, and *sua sponte* granted Plaintiff two additional weeks to file his amended complaint, making it due on January 18. DE 37. On January 19, Plaintiff filed a motion for extension of time to file his amended

---

[2] The Court takes judicial notice that *Hoti v. Barkley Master Ass'n, Inc.*, 9:18-cv-80484-DMM, is a related case to the instant one.

Case 9:18-cv-80657-RLR Document 80 Entered on FLSD Docket 08/31/2021 Page 5 of 6

complaint. DE 38. The Court granted Plaintiff's motion and allowed him until January 27 to file. DE 39. In that Order, the Court noted that it had already given Plaintiff three extensions of time [DE 27, 33, 37] and over two months to file, but because he was *pro se*, the Court would offer him one final opportunity to amend. *Id.* The Court set a new, final deadline of January 27, 2021, and Plaintiff complied with that deadline. DE 40.

Three Defendants (Palm Beach County "PBC", the Palm Beach County Sheriff's Office "PBCSO", and the Marinosci Law Group "MLG") responded to the Amended Complaint with motions to dismiss, and the Court referred the motions to the Honorable Magistrate Judge Bruce E. Reinhardt for a Report and Recommendation. DE 61. Judge Reinhart recommended that the Court dismiss all claims against PBC and MLG with prejudice, but that the claims against PBCSO (Count I and Count IV) be dismissed without prejudice and with leave to amend. DE 70. The Court adopted Judge Reinhardt's Report and Recommendation. DE 74. At that time, the Court granted Plaintiff until August 19, 2021, to amend his complaint with respect to his two claims against PBCSO.

On August 17, 2021, Plaintiff filed the Motion before the Court and requested 10 to 14 extra days to file his Second Amended Complaint. DE 76 at 6. The Court possesses considerable discretion in deciding whether to grant a motion for extension of time to amend a pleading. *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 622–23 (11th Cir. 1983). Given Plaintiff's *pro se* status, the Court finds that Plaintiff's request for additional time should be granted; however, in light of the large number of extensions that Plaintiff has been granted in this case[3] to amend his pleadings, the Court cautions Plaintiff that he should not anticipate any

---

[3] Plaintiff was granted extensions of time at docket entries 27, 33, 37, 39, and 74.

5

additional extensions of time. The Court grants Plaintiff until Monday, September 6, 2021, to file the Second Amended Complaint, which affords Plaintiff 7 days beyond the 14 days Plaintiff originally requested.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's filing at docket entry 76, which the Clerk of the Court construed as a Motion for Extension of Time at docket entry 77 is **GRANTED IN PART AND DENIED IN PART**.

2. The Motion is **DENIED** insofar as all Unserved Defendants are dismissed without prejudice.

3. The Motion is **GRANTED** insofar as Plaintiff shall have until September 7, 2021, to file his Second Amended Complaint.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of August, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record